No. 2108.—Succession of CHARLES LIDDELL.—On the Opposition of MRS. LOUISE LIDDELL.

The decree of separation from bed and board does not dissolve the bonds of matrimony, and the surviving widow thus situated, if in necessitous circumstances, may recover the amount of one thousand dollars, allowed by the act of 1852, from the estate of her deceased husband. C. C. 133.

If a reconciliation takes place after the decree of separation, the judgment is a nullity. C. C. 149.

APPEAL from Second District Court of New Orleans. *Duvigneaud,* J. *Koontz & Elliott,* for administrator, appellant. *Brice & Mitchel,* for opponent, appellee.

WYLY, J. The administrator has appealed from the judgment maintaining the opposition of Mrs. Louise Liddell to his account, and allowing her one thousand dollars, under the Homestead Act of 1852, as the destitute and necessitous surviving widow of Charles Liddell, who died December, 31, 1867, without issue. He contends that she is not entitled to the benefit of said act because she was not the surviving widow of Charles Liddell, he having obtained in the Fifth District Court of New Orleans a judgment of separation from bed and board from her about one year before his death.

*First*—She contends that that judgment is a nullity as appears on the face of the papers, because she was not authorized by her husband or the court to appear and defend the suit, as required by articles 123 and 126 of the Civil Code.

*Second*—That after said judgment there was a reconciliation.

*Third*—That said judgment, if valid, is no bar to her recovery of the homestead allowed by act of 1852; that even though separated from bed and board, she remained the lawful wife of Charles Liddell, the bond of matrimony not being dissolved, as declared by article 133 of the Civil Code.

In support of the last position, she refers us to the decision in Hannah Gee *v.* G. W. Thompson, 11 An. 657, which seems to be directly in point.   In that case the widow separated from bed and board from her husband, and in necessitous circumstances, was permitted to recover the marital fourth under article 2359 of the Civil Code, on the ground that—" The civil and common law writers agree that the decree of separation of bed and board does not dissolve the bonds of matrimony." 11 An. 657.

If Hannah Gee, a necessitous widow, was permitted to take from the succession of her deceased husband the marital fourth allowed by article 2359 of the Civil Code, on the ground that the bond of matrimony was not dissolved by the decree of separation of bed and board, we do not see why the widow of Charles Liddell, similarly situated, should not take from the succession of her husband the amount allowed by the Homestead Act of 1852.

The act of 1852 declares that:   " Whenever the widow or minor children of a deceased person shall be left in necessitous circumstances and not possessed in their own right property to the amount of one thousand dollars, the widow or legal representative of the children shall be entitled to demand and receive from the succession of their deceased father or husband a sum which, added to the amount of the property owned by them, or either of them, in their own right, will make up the sum of one thousand dollars, which said amount shall be paid in preference to all other debts, except those of the vendor's privilege and expenses incurred in selling the property."   Acts of 1852, page 171.

Under article 133 of the Civil Code, and the decision in Hannah Gee *v.* G. W. Thompson, 11 An. 657, and the authorities there cited, we are bound to regard the opponent, Louise Liddell, as the surviving widow of Charles Liddell.   The evidence shows that she is in necessitous circumstances, and that Liddell left no children.

The District Judge who heard the delivery of the testimony (which is conflicting), arrived at the opinion that there was a reconciliation after the decree of separation.   At least two witnesses, who appear to be disinterested, swear that he returned to the marital domicile; and

they testify to facts which, if true, establish a reconciliation beyond doubt. There is a large amount of negative testimony, however, but none to contradict the facts testified to, which are the best evidence of reconciliation. On this point we are inclined to adopt the opinion of the Judge who heard the witnesses deliver their evidence. Indeed, he seems to have carefully considered the case, and to have decided it according to the law and the evidence.

It is therefore ordered that the judgment appealed from be affirmed, with costs.

Rehearing refused.

Absent—Chief Justice Ludeling and Justice Howell.