MARY PETRAS *vs.* ADAM PETRAS.

1. DIVORCE—PROOF OF LEGAL MARRIAGE.
In every action for divorce it must be proved plaintiff was legally married to defendant, but plaintiff is not required to show marriage was solemnized according to laws of state of suit; essential fact being that marriage was valid according to laws of state or country where performed or consummated.

2. MARRIAGE—FOREIGN COMMON-LAW MARRIAGE.
In action for divorce, Delaware court must recognize the legality of common-law marriage of parties in and under the laws of the state of New York.

(*February* 27, 1919.)

PENNEWILL, C. J., and RICE, J., sitting.

*John D. Hawkins* for plaintiff.

*Arley B. Magee* for defendant.

Superior Court for Kent County, February Term, 1919.

ACTION FOR DIVORCE, No. 6, July Term, 1918.

Action for divorce by Mary Petras against Adam Petras. On objection to the legality of the marriage. Objection overruled, and decree nisi granted.

PENNEWILL, C. J., delivering the opinion of the court:

The ground or cause alleged for divorce in this case is extreme cruelty. This allegation is clearly proved and is not controverted by the defendant.

The defendant does, however, deny that there is any evidence showing that the plaintiff and defendant were ever legally married. The plaintiff testified that her marriage to the defendant was solemnized by a notary public in 1904 in the state of New York where they resided at the time, and where they continued to live until about 1914 when they came to Delaware.

Under the laws of the state of New York a notary public had no authority to perform a marriage ceremony, neither was a common law marriage recognized there in the year 1904.

According to a law of that state that became effective January first, 1902, marriages were required to be solemnized in certain specified ways, and common law marriages, that were valid before, were no longer recognized, the law providing that—

Opinion.

"No marriage claimed to have been contracted on and after January first, 1902, within this state, otherwise than in this article provided, shall be valid for any purpose whatever," etc.

But this law was repealed by a statute passed in 1907, and the courts have construed the repealing act to make common law marriages valid in that state. In *Matter of Hinman*, 147 *App. Div.* 452, 131 *N. Y. Supp.* 861, decided in 1911, the court said:

"I think the repeal shows the changed public policy of the state and that the Legislature became satisfied that the provision making marriages void unless performed in a particular manner was against the public good and public morals and that the repeal was intended to and did make common law marriages valid in this state."

So that we may assume, in view of this statement of the law, and the testimony respecting their cohabitation, admissions and repute subsequent to 1907 in the state where they then lived, that there was a common law marriage which was valid in that state, and that the plaintiff and defendant were husband and wife under its laws when the plaintiff brought her action here. The only question, therefore, that this court is required to determine is whether, in view of that fact, the plaintiff and defendant shall for the purposes of this case be regarded as having been legally married.

The question is not whether a common law marriage shall be recognized in this state, but whether a marriage that is entirely valid under the laws of a state where the parties lived and from which they came, shall be recognized by our courts in an action of divorce, even though such marriage was a common law marriage?

[1] In every action for divorce it must be proved that the plaintiff was legally married to the defendant, but the plaintiff is not required to show that the marriage was solemnized according to the laws of this state. The essential fact to be proved is that it was valid according to the laws of the state or county where it is alleged to have been performed or consummated.

[2] There is no doubt that the plaintiff and defendant were legally married under the laws of the state of New York and we

can see no escape from a recognition of such marriage in this proceeding if we are to recognize the validity of a contract of marriage relation that is perfectly legal according to the laws of a sister state.

This does not mean that the court would recognize a common law marriage claimed to have been consummated in this state.

A decree nisi is granted.