SAMUEL BELL, d. b., *vs.* PASQUALE DEL CAMPO, p. b.

1. LANDLORD AND TENANT—FORCIBLE DETAINER—STATEMENT FILED BEFORE JUSTICE.

A statement filed in a cause of forcible detainer *held* not in substantial compliance with *Rev. Code* 1915, § 4068, either in form or substance.

2. LANDLORD AND TENANT—FORCIBLE DETAINER—GROUNDS—SUBLETTING.

The subletting of demised premises in violation of stipulation in lease not to sublet without consent of owner is not sufficient in itself to support remedy afforded by *Rev. Code* 1915, § 4068, for forcible detainer.

(*March* 25, 1919.)

BOYCE and CONRAD, J. J., sitting.

*Harry Emmons* for defendant below.

*Percy Warren Green* for plaintiff below.

Superior Court for New Castle County, March Term, 1919.

CERTIORARI No. 23, March Term, 1919.

Action before a justice of the peace by Pasquale del Campo against Samuel Bell for forcible detainer. Judgment for plaintiff for possession and costs of suit. Defendant brings certiorari. Judgment reversed.

The plaintiff filed before the justice a statement in writing, which, in part, is as follows:

" * * * That he, the said Pasquale del Campo, is now entitled to the possession of all that said lot of land with the dwelling thereon erected known as, etc., situate in, etc., that Morris Arscht, being a former owner of the said lands and premises, leased the said premises to said Samuel Bell, the defendant above named, on the 13th day of April, A. D., 1916, for the term of fourteen months for the sum of * * * to be paid in monthly * * * during the continuance of said lease, and afterwards, to wit, on or about the 13th day of September, A. D., 1916, the said above lands and premises were sold by Morris Arscht to the plaintiff * * * that the terms of the said lease have been violated in that there has been a subletting without the consent of the owner, therefore, the said Pasquale del Campo demands the possession of said premises and the sum of," etc.

*Rev. Code* 1915, § 4068, provides that the person claiming possession shall file with the justice a statement in writing, in substance, as follows:

"In case of a forcible entry and detainer, that the plaintiff on such a day and year (fixing the time) was in peaceable possession of the house, or lands (describing them) situate in such a county (naming it) and that C. D. (the defendant) on the same day and year, with force unlawfully entered the same and dispossessed him thereof, and that the said C. D. still detains possession of said house (or lands) unlawfully and with force."  ·

There are numerous exceptions to the record. The first is that the statement filed by the plaintiff does not comply with the requirement of the statute. Another is that the statement does not show a cause of action within the jurisdiction of the justice, in that the ground on which possession is demanded is, "that the terms of said lease had been violated in that there has been a subletting without the consent of the owner."

BOYCE, J. [1] The court is of the opinion that the statement filed in this case is not in substantial compliance with the statute either in form or substance.

[2] The subletting of demised premises in violation of a stipulation in the lease not to sublet the same without the consent of the owner is not sufficient, in itself, to support the remedy afforded by the statute for forcible detainer.

The judgment below is reversed.