IN RE APPLICATION BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN TO DEPOSIT FUNDS IN REGISTRY OF THE COURT

(June 18, 1928. Opinion and Decree.)
(July 7, 1928. Rehearing Refused.)
(October 3, 1928. Writ of Certiorari and Review denied by Supreme Court.)

C. A. Buchler, of Gretna, attorney for plaintiff, appellee.

Leo W. McCune, of Gretna, and A. H. Thalheim, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This suit grows out of the conflicting claims to the proceeds of a "beneficial certificate" (life insurance policy, issued by the Brotherhood of Locomotive Firemen and Enginemen, a fraternal order, to which we shall hereafter refer as the insurer, to Nicholas Collette, deceased, in the sum of $1500.00, now reduced to $1250.00 by the payment of burial expenses.

The original beneficiary was Collette's mother, Mrs. R. L. Collette, who died before her son and without his having named another as his beneficiary. The certificate (or policy) provides that in the event of there being no designated beneficiary, the policy is to be paid in accordance with the constitution and by-laws of the organization, which are made a part of the policy, to the same effect "as if said constitution and by-laws were entirely written into said certificates."

The appropriate provision of the constitution reads:

"In the event that there is no legal designated beneficiary, that the proceeds of the policy shall be paid to the parties in the following named order:
"1st. To the widow.
"2nd. To the mother.
"3rd. To the father.
"4th. To the children, and
"5th. To the brothers and sisters equally."

The insurer deposited the proceeds of the policy in the registry of the District Court and Mrs. Eugenie Penniston Collette, claiming to be the widow, and the brothers and sisters of deceased, claiming to be the sole legal heirs, are respectively demanding the proceeds thus deposited.

The argument advanced by the collateral heirs is two-fold.

First: the provision in the constitution preferring the widow is invalid because in conflict with R. C. C. 912, which provides:

"If a person dies leaving no descendants nor father nor mother, his brothers and sisters, or their descendants inherit the whole succession to the exclusion of the ascendants and other collaterals."

Second: Mrs. Collette was not the widow of deceased because a judgment of separation of bed and board had been rendered against her and in favor of her husband, who had also obtained a preliminary default in an application for divorce though no final decree of divorce had been rendered.

Upon the first point we observe that an insurance policy is "sui generis and governed by rules peculiar to itself" and when "payable otherwise than to the assured or his estate, belong to the beneficiary," and "form no part of his estate."

See Tecker vs. Metropolitan Life Insurance Co., XI Orleans App. p. 59, and many authorities there cited.

As to the second point, a judgment of separation does not dissolve the marriage "since the separated husband and wife are not at liberty to marry again." R. C. C. 136. Such judgment is no bar to a claim for the marital fourth. Gee vs. Thompson, 11 La. Ann. 657; nor the $1000 privilege. Succ. of Liddell, 22 La. Ann. 9.

We conclude that Mrs. Eugenie Penniston Collette was the wife and is now the widow of deceased at the time of his death and as such is entitled to the proceeds of the policy in dispute. Such was the opinion of the trial Judge and his judgment will be affirmed.