344

McCarthy, Appellant, vs. Hoan, Mayor, and others, Respondents.

*March 31—April 28, 1936.*

*George A. Bowman* and *Carl J. Ludwig,* both of Milwaukee, for the appellant.

A supplemental brief was filed by *Walter D. Corrigan, Sr.,* of Milwaukee of counsel, for the appellant.

*Max Raskin,* city attorney, and *Mary Eschweiler* of Milwaukee of counsel, for the respondents.

WICKHEM, J.    This appeal presents no disputed facts. Plaintiff is a member of the Progressive party and a resident of the city of Milwaukee.    He brings this action on his own behalf and on that of electors of the Progressive party in the city of Milwaukee and state of Wisconsin.    The defendant Daniel W. Hoan is the mayor of Milwaukee.    The other defendants are members of the election commission.    The defendant Schuffenhauer, representing the Socialist party, was appointed for a term of three years commencing July 1, 1932.    The defendant Cassidy, representing the Democratic party, was appointed for a term of three years commencing July 1, 1933.    The defendant Liersch, representing the Republican party, was appointed for a term of three years commencing July 1, 1934.    As a consequence of the general election of November 6, 1934, the three dominant political parties in the state of Wisconsin are the Progressive, Democratic, and Republican parties.    Tested by the vote at that election in the city of Milwaukee, the Democratic, Progressive, and Socialist parties are the dominant political parties in that city.

Plaintiff contends: (1) That membership in a dominant political party is a continuing qualification for any member of the commission, and that when the party of which one

of the commissioners is a member ceases to be a dominant party, his qualifications for office cease instantly, whether his term has expired or not; and (2) that the term "dominant" relates to dominance in the state at large and not in the city of Milwaukee. The Progressive party is a dominant party in either view, and if plaintiff's first contention is valid, a determination of the second is only important in ascertaining whether the Republican or Socialist commissioner should be replaced.

At the outset, we are confronted with the question whether any ground for declaratory relief is alleged or shown. It is our conclusion that it is not. The statute was not enacted in the interest of any party or any citizen or group of citizens, but merely constitutes a device to secure honest elections. This being true, neither plaintiff's rights nor those of the political group of which he is a member are in controversy, and plaintiff seeks merely to vindicate a public right to have the laws of the state properly enforced and administered. Under the doctrine of the recent cases of *State ex rel. La Follette v. Dammann,* 220 Wis. 17, 264 N. W. 627, and *Riebs Co. v. Mortensen,* 219 Wis. 393, 263 N. W. 169, we are compelled to hold that no showing is made by the plaintiff of a right to declaratory relief. Whatever standing plaintiff has to have determined the merits of his contentions is based on his right as a private citizen to bring *mandamus* to compel the mayor of the city of Milwaukee to discharge his official duty or *quo warranto* to test the right to office of the Socialist or Republican members of the commission. If plaintiff's contentions upon the merits are sound, and as to this we express no opinion, the facts giving rise to a cause of action have happened and the remedial rights have accrued. Assuming, without deciding, that plaintiff has standing to vindicate the rights of the public, the action must be prosecuted in the name of the state, and if brought as a *quo warranto,* must satisfy the conditions of sec. 294.04, Stats. The

necessity of so proceeding cannot be avoided by prosecuting an action for declaratory relief in the name of a private citizen. See *State ex rel. Wood v. Baker,* 38 Wis. 71, at 81; *Bell v. Platteville,* 71 Wis. 139, 36 N. W. 831; *Hobbins v. Hannan,* 186 Wis. 284, 202 N. W. 800. In view of these conclusions, we must decline to pass upon the merits of plaintiff's contentions.

Since the portion of the judgment dismissing plaintiff's complaint was properly entered, the judgment should be modified by striking therefrom such portions as constitute a response to demands for declaratory relief.

*By the Court.*—Judgment modified as indicated in this opinion and, as so modified, is affirmed.