4 So.2d 131

**JONES et al. v. GAILLARD et al.**

1 Div. 145.

Supreme Court of Alabama.

Oct. 9, 1941.

572

John O. Harris, of Wetumpka, and Alex T. Howard, of Mobile, for appellants.

Gaillard & Gaillard, of Mobile, for appellees.

**BOULDIN, Justice.**

This appeal is from a decree sustaining demurrers to a bill in equity as last amended.

Such bill discloses by averment, or by implication when construed on demurrer, the following: Thomas E. Jones, a soldier in the World War, died intestate October, 12, 1918, having a policy of war risk insurance in the sum of $10,000 designating Rosa Lee Jones, wife of the insured, as beneficiary.

The claim of the beneficiary was allowed by the Bureau of War Insurance as then constituted, and she drew the monthly instalments on the policy until her death in January, 1923. The insured left no children or their descendents. Rosa Lee, the designated beneficiary, left two children, Mattie Lee Jones and Lucille Jones.

In February, 1930, S. P. Gaillard, Jr., was appointed administrator of the estate of the insured by the Probate Court of Mobile County. His sworn petition for appointment recited that Rosa Lee Jones was the sole heir at law of the insured, and that he left neither father nor mother, brothers or sisters.

The administrator collected the balance due on the policy by suit in District Court of the United States at Mobile.

Thereupon he filed in the Probate Court his verified account and statement for a final settlement of the estate, reciting that Mattie Lee Jones and Lucille Jones were the only heirs and next of kin of the insured. It is averred he knew they were not the heirs and next of kin, and were not related to the insured.

The final settlement was made in February, 1934, adjudging a balance in the hands of the administrator, after payment of costs and expenses of administration, in the sum of $6,905.03; and ordering a distribution of said sum to Mattie Lee and Lucille Jones. The fund was so paid over.

On August 14, 1940, the original bill in this cause was filed by the father and brother and sisters of the insured claiming this balance on the policy was payable to them as next of kin, that they were residents of Alabama and had no notice of the final settlement in the Probate Court that the administrator's report naming the children of the wife as the next of kin entitled to this fund was a legal fraud, a breach of trust, etc.

The bill prayed for a moneyed decree against the administrator personally and the surety on his bond for the sum paid over as above shown. There was a further prayer for general relief.

Thus far, we have noted the controlling recitals of the original bill.

There was no denial that Rosa Lee Jones was the lawful wife of the insured.

Under the laws of the United States governing war risk insurance, she was an eligible beneficiary. The unpaid instalments after her death inure to the estate of the insured, are payable to the administrator of the estate of the insured, for the benefit of, and to be distributed to those entitled to take under the laws of descent and distribution of the estate as of the date of death of the insured. Singleton v. Cheek, 284 U.S. 493, 52 S.Ct. 257, 76 L.Ed. 419, 81 A.L.R. 923; First Nat. Bank of Chattanooga, Tenn., et al. v. Forester, 223 Ala. 218, 135 So. 167; 29 Am.Jur. 1176, § 1559; Annotation, 81 A. L.R. 942 et seq.

Under the laws of descent and distribution of the State of Alabama the widow of decedent takes all the personal estate as against parents or brothers and sisters of decedent. Code of 1923, § 7374, (3763), Code 1940, Tit. 16, § 10.

Under the averments of the original bill, the widow took the whole of this policy, and upon her death the unpaid instalments were properly collected by an administrator of the estate of the insured to be distributed to the widow's children as distributees of her estate.

All the averments of the original bill setting up a claim on behalf of complainants, and alleging fraud and breach of trust, were, therefore, without basis in law or fact. This is now conceded.

On October 14, 1940, more than four and one-half years after the decree on final

settlement in the Probate Court an amendment was filed charging and alleging that the insured, Thomas E. Jones, and said Rosa Lee Wilson, were married in Mobile County on July 8, 1918, but at the time of such purported marriage Rosa Lee Wilson was married to one Jasper Wilson, who was still living, and such marriage in full force and effect; and the purported marriage to the insured was null and void. On December 27, 1940, the bill was last amended. This amendment, in lieu of Section 7 of the original bill, appears in the report of the case.

The prayer of the bill was not amended. Appellants, in brief, treat the bill as last amended as a bill in the nature of a bill of review of the decree of the Probate Court on final settlement upon the ground of fraud or mistake.

It will be so considered.

A woman having a living husband, entering into a colorable marriage with a soldier, is not a "spouse" named as first in the list of eligibles to be designated as a beneficiary in a policy of war risk insurance. If so designated, the policy failing to name an eligible beneficiary, the policy inures to the estate of the insured, to be collected by an administrator and distributed to those entitled to take under the laws of the state. 40 U.S. Statutes, p. 409, § 402; 29 Am.Jur. 1170, § 1551; 38 U.S.C.A. § 514; White v. United States, 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 530; Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434.

If there was no eligible beneficiary named in the policy, complainants' right to the proceeds accrued on the death of the insured more than twenty years before this suit was filed. Not only the prescription period, but the federal statute of limitations had intervened to bar any claim against the United States for this fund long before any action was taken by complainants. 38 U.S.C.A. § 445; 29 Am. Jur. 1573.

No want of knowledge of the whereabouts of the son and brother for some twenty-seven years; no want of knowledge that he was a soldier in the World War, or had taken out war risk insurance, would serve to remove the bar by prescription, or of the statute of limitations. The United States Government had set up the Bureau of war risk insurance followed by the Veterans' Administration whose records were open to investigation, and the statute of limitations cutting off claims made no exceptions or extensions because of lack of knowledge, etc. The rule of repose by prescription, or by positive statute of limitations, is to quicken diligence, bring an end to demands not brought forward before the bar was complete.

By this suit the complainants seek to take advantage of the acts of the administrator in collecting the fund now alleged to belong to them, and causing it to be diverted to others not entitled thereto. Such personal liability could only arise from a breach of trust, involving want of good faith or reasonable diligence, the general equity rule applicable to fiduciary trusts.

It is not averred that the administrator ever knew the insured, nor anything of his people or their whereabouts; nor that he knew the beneficiary in her lifetime. The insured had been dead twelve years before the administrator entered the picture, and the beneficiary some seven years. It is not averred he knew, or had any information calling into question the fact of a lawful marriage. The insured had designated Rosa Lee, as his lawful wife, to be the beneficiary.

The United States government, through its well set up administrative agency, had so found, and on such finding had for several years paid the monthly instalments.

These acts on the part of the assured, and the government, raised a presumption that Rosa Lee was the lawfully designated beneficiary. 40 U.S. Statutes, 399, § 13; 38 U.S.C.A. § 445; 29 Am.Jur. 1190, §§ 1580, 1581.

In the absence of knowledge to the contrary, or such as to put him on inquiry, the administrator properly accepted the factual situation, disclosed by matters of record, unchallenged for twelve years at the time he qualified as administrator. It continued unchallenged by these complainants, charged with the duty to assert their claim, until the fund had been collected, distributed as per order of court, and still unquestioned until after the lapse of more than twenty years.

We are clear to the conclusion the bill as last amended disclosed no act or omission of the administrator rendering him personally liable as for a breach of trust.

It is unnecessary to consider other questions, such as the bar by limitation of a bill

in the nature of a bill of review of a judgment at law upon the ground of fraud or mistake in its procurement.

The decree is affirmed, and the bill here dismissed at the costs of complainants.

Affirmed. Bill dismissed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.