Hillsborough,
Dec. 6, 1949. } No. 3867.

MARION DELISLE, *Ex'x, Ap'ee v.* ALBERT E. SMALLEY, *App't.*

*Joseph J. Betley,* for the appellant.

*Ernest R. D'Amours,* for the appellee.

DUNCAN, J. While the Trial Court made no rulings apart from the order denying the petition, the colloquy at the hearing suggests that denial was prompted by the view that a second transfer embodying facts in conflict with those previously before this court would present no new question of law for decision here. To the extent that the specific remedy sought by the executrix was denied for that reason, there was no error. Evidence of disavowal of marriage might be found to conflict with the fact previously agreed upon that "the testatrix and Mr. Smalley cohabited and acknowledged each other as husband and wife" for more than three years before the testatrix' death. If the declarations in the will constitute admissible evidence, any conflict which would then arise from their receipt in evidence would not be determinable by this court as a matter of law. See *Romano* v. *Company*, 95 N. H. 404, 406, and cases cited. Involving as it does the evaluation of inconsistent conduct on the part of the decedent, the issue is one of fact to be decided by the Superior Court.

It does not follow that because the specific remedy sought was properly denied, the petition was correctly dismissed. So far as can be determined from the record, the issue of what justice requires which underlies a petition for new trial (R. L., c. 398, s. 1; *Watkins* v. *Railroad*, 80 N. H. 468) has not been passed upon. Whether there should be a trial for the purpose of presenting the evidence in question is a matter to be determined by the Superior Court according to well settled principles. *Dame* v. *Woods*, 73 N. H. 391; *State* v. *Corron*, 73 N. H. 434; *Venus Corporation* v. *Hanover Store*, 88 N. H. 478.

Obviously if the evidence relied upon is inadmissible, no new trial should be granted. We have therefore considered that question, upon which authority is not wholly unanimous. Under the statute (R. L., c. 338, s. 39) Smalley's rights depend upon determination of whether he and the decedent cohabited and acknowledged each other as husband and wife and were generally reputed to be such continuously for a period of at least three years, ending with the death of the latter on July 27, 1946. It is not disputed that they cohabited for this period, or that they were generally reputed to be husband and wife. Cohabitation may be meretricious and illicit; but by force of the statute, if accompanied by mutual acknowledgment of the relation of husband and wife and repute to be such for a sufficient period, upon the death of either such a relationship is required thereafter to be accorded the incidents of a lawful marriage. Acknowledgment of another as one's spouse involves declaration or avowal of the relationship. The conduct of cohabitation assumes at death the aspect

of legality or illegality, according as the declarations of the parties which accompanied that conduct have avowed or disavowed the existence of a legal relationship. For these reasons we are of the opinion that the declarations contained in the testatrix' will are competent evidence upon the issue of the character of the decedent's conduct. "The conduct or act has intrinsically no definite significance, or only an ambiguous one, and its whole legal purport or tenor is to be more precisely ascertained by considering the words accompanying it." 6 Wig. Ev., s. 1772, p. 191; *Emery* v. *Woodward, post,* 61, *Drawdy* v. *Hesters,* 130 Ga. 161, 167. See *Gorden* v. *Gorden,* 283 Ill. 182; *Barnum* v. *Barnum,* 42 Md. 251, 304.

The weight to be accorded to the evidence must be determined by the Trial Court. Competent evidence of surrounding circumstances may aid in interpretation of the declarations. See *Pettee* v. *Chapter,* 86 N. H. 419, 427. By her statement, "I am not legally married to Albert E. Smalley," the testatrix may have meant that no formal or ceremonial marriage was ever entered into. *Richard* v. *Brehm,* 73 Pa. 140; *Teter* v. *Teter,* 101 Ind. 129, 137. Her statement that "he is not entitled to any portion of my estate" may reflect her understanding of the consequence of the lack of formality. In such a case, the former result would not be affected, for the absence of any formal marriage was there assumed, and the testatrix' purpose to deprive Smalley of a share of her estate cannot override the consequences which the statute visits upon her overt acts.

On the other hand, if disavowal of the relation of husband and wife was intended, it must be weighed against other evidence of acknowledgment of the relation. *In re Gally's Will,* 253 App. Div. (N. Y.) 905. The meaning of the declaration and its effect are matters which must be determined by the Trial Court, if it is found that justice requires that a new trial be granted.

Since the record has some tendency to indicate that the court below considered only the narrow issue of whether the former reserved case should be amended for retransfer, and not the issue of the right to relief from the agreed statement for purposes of trial, the exercise of discretion will not be presumed (*Gerry* v. *Neugebauer,* 83 N. H. 23, 27) and the decree is set aside and the case remanded. If the Court in fact found that justice does not require that any relief be granted, the record may be amended to so indicate. If not, the issue of mutual acknowledgment should now be determined. *Dame* v. *Woods,* 73 N. H. 391; s. c. 74 N. H. 212.                    *Case discharged.*

All concurred.