JAMES M. REESE, CLIFFORD PRYOR, WILLIAM E. SAVERY, Individually and as Constituting the Bureau of Registration for New Castle County; and EDWIN W. HUTCHISON, Plaintiffs, v. JOHN J. HARTNETT, S. GILBERT PIERCE and GEORGE R. CLARK, Constituting the Levy Court of New Castle County, Original Defendants, and WAYNE C. BREWER, JOHN W. FOREMAN, CHRISTOPHER S. GLOVER, ROBERT A. GROVES, T. MUNCEY KEITH, LEON H. RYAN, SIGMUND SCHORR, WALTER J. SCOTT and WILLIAM O. WINGATE, Claiming to Constitute the Bureau of Registration for New Castle County; and THOMAS M. ADAMSON, Additional Defendants

(*April* 5, 1950.)

CAREY, J., sitting.

*Thomas Cooch* for plaintiffs.

*Abraham Hoffman* for the Levy Court of New Castle County.

*P. Warren Green* for the additional defendants.

Superior Court for New Castle County, No. 132, Civil Action, 1950.

CAREY, Judge.

It is clear that Section 1 of Chapter 185, increasing the membership of the Bureau from three to eleven, is necessarily ineffective because of the unconstitutionality of Chapter 182. There is no eleven-member Board of Elections for New Castle County. The question for decision is whether Section 2 of Chapter 185 is likewise ineffective. If not, the nine members of the present

Board now constitute the Bureau; if so, the old law is now in effect and the three persons appointed thereunder constitute the Bureau.

It will be observed that the present difficulty would not exist were it not for the presence of Section 1 in Chapter 185. Without it, we would simply have an act making the members of one group in effect ex officio the members of the other. No problem of constitutionality or construction would then exist, for Section 2 is plain, unambiguous, self-explanatory and consistent with the act which it amends, save in the amended parts.

Section 1 is present, however, and plaintiffs contend that it plays an important part in indicating a legislative intent to make the effectiveness of Chapter 185 dependent upon the validity of Chapter 182. The Legislative history (as to dates) of the two acts is identical; they were approved by the Governor on the same day; they have the same effective dates. The Supreme Court in *State v. Schorr, supra,* referred to them as "companion acts". They both deal with the general subject of the conduct of elections. Sections 1 and 2 of Chapter 185 cannot be fully understood without reference to Chapter 182 because only in the latter is there any provision for the appointment of eleven persons to the Board. Plaintiffs' counsel, for these and other reasons, argues that the two acts are in pari materia, are completely interdependent, must in effect be treated as a single enactment, and must stand or fall together. The dominant purpose manifested, says he, was the creation of a new method of making appoints to the two bodies, the merger of membership being a purely secondary consideration. He argues that, when this method of appointment was held bad, the foundation of the whole structure crumbled and both acts became incapable of enforcement in their entirety.

I shall confine myself to a consideration of plaintiff's theory. Even if the two statutes be construed as a single en-

actment, it does not necessarily follow that all parts of them are unenforcible. A statute may be unconstitutional in part and constitutional in part. Where a statute has two objects, one of which is unconstitutional, the valid one does not fall if the two are. separable. To determine separability, two questions must be answered affirmatively: (1) is the unobjectionable object, standing alone, capable of enforcement; (2) did the Legislature intend it to stand alone in case the other should fall. *State ex rel. Green* v. *Isaacs,* 6 *W. W. Harr.* 110, 171 *A.* 627; *State ex rel Morford v. Emerson,* 1 *Terry* 328, 10 *A. 2d* 515, *Affirmed* 1 *Terry* 496, 14 *A: 2d* 378.

■ Our present "single enactment" contains at least two principal objects: (1) creation of a new method of appointing an enlarged administrative body; and (2) combining the supervision of both registration and election matters in the same individuals. Either object can be enforced without reference to the other; the performance of two tasks by the same individuals is in no way affected by the manner of their appointment.

■ As to the second question, we find nothing in either chapter expressly making the enforcement of one object contingent upon the effectiveness of the other. In my opinion, nothing in the acts themselves demonstrates a legislative intent to make the two objects inseparable.[2] Practical considerations have been suggested why the Legislature perhaps intended Section 2 to stand even if the other intended object fell.

■■ In the light of the diverse nature of the objects, it is reasonable to regard them as separable. Indeed, the familiar fundamental principles of statutory construction (which demand

1. I avoid the word "dominant." Taken independently, Chapter 185, clearly has as its "dominant object" the merging of the personnel of the two groups.

2. I do not agree with the suggestion that the words "as constituted from time to time after April 15. 1947" necessarily show any such intent. The directly opposite inference is just as logical.

more than lip service) dictates such a holding. Every reasonable presumption favors the upholding of even a part of a statute. To find two acceptable interpretations, one supporting, the other defeating, a legislative design, is to settle the matter. Our sights should be aimed at validity, not invalidity.

Other contentions have been advanced by the respective parties. I have carefully considered them and shall simply say here that the arguments made confirm, rather than weaken, my opinion that Section 2 of Chapter 185, standing alone, is valid and enforcible. This ruling, in my opinion, defeats no clearly apparent legislative intent but, on the contrary, actually supports it to the extent possible, in so far as such intent is discoverable from the information properly before the Court.

An order will be signed in accordance with the foregoing. opinion.