48 So.2d 728 (1950)
HARRIS
v.
LUMBERMEN'S MUTUAL CASUALTY CO. OF CHICAGO, ILL., et al.
No. 3298.
Court of Appeal of Louisiana, First Circuit.
November 22, 1950.
*729 Jos. A. Gladney, Baton Rouge, for appellant.
Huckabay, Seale & Kelton, and Alex Wall, all of Baton Rouge, for appellees.
LOTTINGER, Judge.
Vincent Harris, Jr. and Bessie Mae Veal Harris were married on February 15, 1943. No children were born of said union. They were judicially separated from bed and board on March 17, 1949. Vincent Harris, Jr. was killed on February 2, 1950; his mother, Frances A. Harris, and his wife, Bessie Mae Veal Harris, were his only survivors. Plaintiff, the surviving mother of deceased, brought this action alleging that the death of her son was due to the negligence of Joe Wells, Jr., one of the defendants, while driving a truck belonging to Tri-State Wholesale Produce Company, Inc., another defendant. Negligence of Wells is imputed to Wholesale Produce Company, Inc. under the doctrine of respondeat superior. The third defendant, Lumbermens Mutual Casualty Company, is joined as the public liability insurer of said Wholesale Produce Company. Plaintiff alleges that deceased was her only means of support and claims damages as follows:

Pain and suffering of deceased.. $15,000.00
Pain and mental anguish of
 plaintiff...................... 5,000.00
Loss of support ................ 15,000.00
Medical and funeral expenses.... 75.30

Defendants filed exceptions of no cause or right of action claiming that, as deceased left a surviving spouse, the plaintiff has no cause or right of action under the provisions of Article 2315 of the Louisiana Revised Civil Code. The trial court maintained defendants' exceptions and dismissed plaintiff's suit. Plaintiff appeals.
This action is brought under Article 2315 which provides:
"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children, including adopted children and children given in adoption, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving blood brothers and sisters, or either of them, for the space of one year from the death. However, should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and the minor children. The children only in those cases where there is no surviving spouse or minor child or children. * * *
"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters or adoptive parent, or parents, or adopted person, as the case may be."
The provisions of Article 2315 are clear to the order in which a right of action is accorded survivors in a death action, consequently, as there are no minor children, the sole issue raised is whether a wife, even though judicially separated at the time of her husband's death, has a right of action for his death under the provisions of Article 2315, or whether, because of the decree of separation, she loses the rights accorded a surviving spouse under said article, and the right of action vests in the next in order, the surviving mother.
A judgment of separation does not bar a claim by the surviving widow for the marital fourth, Gee v. Thompson, 11 La. Ann. 657; nor the $1000.00 privilege, Succession of Liddell, 22 La.Ann. 9. These decisions were based on the provision of Article 136 of the Revised Civil Code which states: "Separation from bed and board *730 does not dissolve the bond of matrimony, since the separated husband and wife are not at liberty to marry again * * *." The reason is to encourage a resumption of the marital relationship by affording the spouses an opportunity to become reconciled. Reconciliation of the parties after judicial separation will extinguish the judgment.
Application of Brotherhood of Locomotive Firemen and Enginemen, 9 La.App. 74, 119 So. 79, 80, involved conflicting claims to the proceeds of a life insurance policy where the designated beneficiary predeceased the insured. In this case, the surviving widow of deceased made a claim under the terms of an insurance policy for the death of her husband. The brothers and sisters of deceased dispute her right of action on the ground that the alleged widow was not the widow of deceased because a judgment of separation of bed and board had been rendered against her. In holding in favor of the widow, the court said: "We conclude that Mrs. Eugenie Penniston Collette was the wife and is now the widow of deceased at the time of his death, and as such is entitled to the proceeds of the policy in dispute. Such was the opinion of the trial judge, and his judgment will be affirmed."
Able counsel for plaintiff contends that the Brotherhood case has no bearing on the interpretation of Article 2315, that said case "* * * is merely authority for holding that a judicially separated wife is still the widow of the deceased * * *." It is quite true that the Brotherhood case in no way involved Article 2315, however, said case was decided entirely on the basis of the definition of "surviving widow" and we fail to observe any reason for deviating from the definition applied therein.
In McDonald v. Employers Mutual Casualty Co., D.C., 73 F.Supp. 198, 200, the surviving father filed suit under Article 2315 for the wrongful death of his son. Defendant moved to dismiss on the ground that plaintiff's deceased son left surviving him a widow from whom he was not divorced. Although deceased and his wife had separated, no divorce had been granted. It is not clear whether the parties were merely living separate and apart, or had been judicially separated. In dismissing plaintiff's case, the court said:
"Article 2315 of the Revised Civil Code of Louisiana, and the jurisprudence of Louisiana thereunder, is the law of the case. This article grants a right of action for death to the surviving spouse and minor children of the deceased to the exclusion of any one else. There being a surviving spouse in this case, but no children, the exclusive right of action is vested in the surviving wife."
Counsel for plaintiff contends that had deceased collected damages for this right of action before his death, the said damages would have been his separate property and his surviving wife would not have inherited same. He claims that "to allow the judicially separated surviving wife to collect under Article 2315, would be to give her a right or cause of action which she would not have had had the injured party lived * * *." In support of said argument the learned counsel for plaintiff cites Article 924 of the Revised Civil Code, which article deals with inheritance. Article 2315 is not a law of inheritance. It is sui generis and has, throughout its history been strictly construed. It provides for the survival of a right of action, and a distinct right of action in favor of certain classes of persons. Vaughn v. Dalton-Lard Lumber Co., Limited et al., 119 La. 61, 43 So. 926; Goodwin v. El Dorado Packing Co. et al., La.App., 31 So.2d 230; McDonald v. Employers Mutual Casualty Co., supra.
As to the claim by plaintiff for sorrow and grief, deprivation of support and medical and funeral expenses actually suffered by her, we find that Article 2315 gives but one right of action. The right of action given under the last paragraph of the article, for damages sustained by the survivors, is dependent upon and connected with the right of action given those who have the right of action under the first paragraph of said article. Reed v. Warren, 172 La. 1082, 136 So. 59; Thornton et al. v. Peak et al., La.App., 191 So. *731 182; Burthlong v. Huber, La.App., 4 So. 2d 480.
The legal as well as the ordinary meaning of "spouse" is one's wife or husband. Marriage is only dissolved by divorce, or death of one of the parties. As a decree of separation from bed and board does not dissolve a marriage, we have no recourse but to hold that deceased left a "surviving spouse" within the wording and purpose of Article 2315. Only one right of action is given under said article and, in this case, that right of action is in the surviving spouse of deceased. The trial court was correct in dismissing plaintiff's demand, and its judgment will be affirmed.
For the reasons assigned, the judgment of the lower court, sustaining the exception of no right or cause of action and dismissing plaintiff's suit, is accordingly affirmed at appellant's cost.