JAMES W. MARSHALL, Plaintiff, v. ELIZABETH M. HILL, JOHN P. JOSEPH and RALPH S. KARL, Defendants.

---

(*December* 3, 1952.)

HERRMANN, J., sitting.

*Samuel R. Russell* (of Tunnell and Tunnell) for Plaintiff.

*Herbert L. Cobin* for Defendants.

Superior Court for Sussex County, No. 89, Civil Action, 1952.

HERRMANN, J.:

The plaintiff brings this action for declaratory judgment as a citizen-taxpayer and as a member of the Board of Education of the Lewes Special School District. In his complaint, the plaintiff asserts that each of the defendants is usurping the office of member of the said Board of Education and that each of them is exercising such office without legal right. The defendants deny the assertion and, by counterclaim filed by them as citizen-taxpayers and members of the said Board of Education, they in turn charge the plaintiff with usurpation and unlawful exercise of office on the Board. Each side seeks a declaratory judgment which would have the effect of ouster as to the other. None of the parties claims the office which he or she alleges to be usurped.

The Board of Education of the Lewes Special School District is composed of four members. A vacancy was created when

one of the four members of the Board moved out of the District. The controlling Statute provides that such vacancy "shall be filled by the remaining members of the Board of Education for the unexpired term." 45 *Delaware Laws*, Chapter 195. The plaintiff and the defendants Hill and Joseph were the three remaining members of the Board and they were unable to agree upon a replacement to fill the vacancy. Hill and Joseph nominated and voted for the defendant Karl and, over the plaintiff's objections, Karl was declared elected to fill the vacancy and he assumed office.

The plaintiff alleges that Karl holds the office without right because, under a proper construction of the Statute, the affirmative vote of *all* the remaining members of the Board was required to fill the vacancy and Karl did not have that vote. The plaintiff asserts that the defendants Hill and Joseph hold office without right because they did not take the oath of office required by Article XIV of the Delaware Constitution. By their counterclaim, the defendants maintain that the plaintiff holds office without right for the same reason.

The Court, upon its own motion, raises the issue of jurisdiction and the standing of the parties to seek a declaratory judgment.

An "actual controversy" is a jurisdictional prerequisite in any action brought under our Declaratory Judgments Act[1] and, therefore, the Court is obliged to ascertain the existence of such controversy before it may properly proceed. Jurisdiction may not be conferred upon the Court by the agreement or consent of the parties if the cause does not involve an "actual controversy" within the meaning of that term as it is used in the Statute. The Declaratory Judgments Act may not be invoked

---

[1]46 *Delaware Laws*, Chapter 269 provides in part as follows: "In cases of actual controversy * * * the Superior Court * * * shall have power, * * * to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such."

merely to seek legal advice. *Stabler v. Ramsay, Del.* 88 *A.* 2d 546.

 I think that the prerequisites of a controversy, such as will warrant consideration of a declaratory judgment action under our Statute, may be summarized as follows: (1) It must be a controversy involving the rights or other legal relations of the party seeking declaratory relief; (2) it must be a controversy in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim; (3) the controversy must be between parties whose interests are real and adverse; (4) the issue involved in the controversy must be ripe for judicial determination. See *Stabler v. Ramsay, supra;* 16 *Am. Jur.,* pp. 284, 298; *Borchard, Declaratory Judgments,* pp. 26-57; *Anderson, Declaratory Judgments,* pp. 27-42; *State ex rel. LaFollette v. Dammann,* 220 *Wis.* 17, 264 *N. W.* 627, 103 *A. L. R.* 1089. Applying those prerequisites, it would follow that a mere difference of opinion between public officers, not involving the assertion of adverse interests, is not sufficient to support an action for a declaratory judgment. 16 *Am. Jur.* p. 319.

No case directly in point has come to my attention. I have found helpful, however, the case of *McGee v. Dunnigan,* 138 *Conn.* 263, 83 *A.* 2d 491. There, the plaintiffs sought a declaratory judgment which would authorize a Board of Education to expend certain funds. The plaintiffs' brought the action as citizens-taxpayers and as the three minority members of the Board of Education. The defendants were the four majority members of the Board of Education and other officials who were opposed to the expenditure of the funds. As in the instant case, the Court was requested to construe a statute. The Supreme Court of Errors of Connecticut held that the plaintiffs had no standing to raise the question because their personal rights would not be affected and, therefore, there was no justiciable issue as to them.

 In this State, when public office is usurped and ouster is sought, the controversy always has been deemed to be between the public and the usurper. In such case, the proceeding for

determination of right to office has always been instituted and prosecuted by the Attorney General, on behalf of the State, by way of the common-law remedy of information in the nature of a writ of *quo warranto. Brooks v. State,* 3 *Boyce* 1, 79 *A.* 790, 51 *L. R. A., N. S.,* 1126; *Ake v. Bookhammer,* 13 *Del. Ch.* 320, 119 *A.* 238; *State ex rel. Wolcott, Atty. Gen. v. Kuhns,* 4 *Boyce* 416, 89 *A.* 1; *State ex rel. Southerland, Atty. Gen. v. Hart,* 3 *W. W. Harr.* 15, 129 *A.* 691; *State ex rel. Green, Atty. Gen. v. Collison,* 9 *W. W. Harr.* 245, 197 *A.* 836; *Buckingham v. State ex rel. Killoran, Atty. Gen.,* 3 *Terry* 405, 35 *A.* 2d 903; *State ex rel. James, Atty. Gen. v. Schorr,* 5 *Terry* 232, 58 *A.* 2d 421. I find nothing in the Declaratory Judgments Act which would change the time-honored thesis that usurpation of public office is an offense against the sovereignty of the people and that the proceeding for ousting the offender must be brought by the Attorney General on behalf of the State.[2] See *Jones v. Talley,* 190 *Tenn.* 471, 230 *S. W.* 2d 968; *McCarthy v. Hoan,* 221 *Wis.* 344, 266 *N. W.* 916; *Brush v. City of Mount Vernon, Sup.,* 20 *N. Y. S.* 2d 455, affirmed 260 *App. Div.* 1048, 24 *N. Y. S.* 2d 355; *Manlove v. Johnson,* 198 *Wash.* 280, 88 *P.* 2d 397; *Weaver v. Maxwell,* 189 *Tenn.* 183, 224 *S. W.* 2d 832.

■ Accordingly, it is held that the Court does not have the jurisdiction to grant, and the parties do not have the standing to seek, a declaratory judgment in this case.

The plaintiff contends that *Reese v. Hartnett,* 6 *Terry* 339, 73 *A.* 2d 782, reversed, *Del.,* 75 *A.* 2d 266, is authority for his right to maintain this declaratory judgment action to try title to public office. I consider this contention to be without merit. The *Reese* case did not involve the charge of usurpation of office and a request for ouster. In that case, the plaintiffs, asserting that they constituted the Bureau of Registration, sought to oblige the defendants, constituting the Levy Court, to pay salaries to the plaintiffs. After the institution of the action, the

---

[2] It is unnecessary to decide whether or not, in a proper case, the Attorney General may invoke the Declaratory Judgments Act in lieu of the common-law remedy of information in the nature of a writ of *quo warranto.*

plaintiffs added as parties defendant another group of persons who likewise claimed to constitute the Bureau of Registration and to be entitled to the salaries. The Court was then asked to "enter a judgment declaring who constitutes the Bureau of Registration". I find nothing in the opinions in the *Reese* case, expressed or implied, which would be in conflict with the conclusions reached herein.

The complaint and the counterclaim will be dismissed.