HARLEYSVILLE MUTUAL CASUALTY INSURANCE COMPANY, a corporation of the State of Pennsylvania, Plaintiff, v. RUBY MAXINE CARROLL, Defendant, and MICHAEL MELIE, Administrator of the Estate of James Patrick Melie, deceased, MICHAEL MELIE and CATHERINE MELIE, as individuals, and MICHAEL MELIE, Guardian of Deborah Catherine Melie, a minor, and MICHAEL MELIE, Father of said minor, intervenors.

68

(*May* 16, 1956.)

HERRMANN, J., sitting.

*John S. Walker* and *L. Robert Hopkins* for the plaintiff.

*Jacob Balick* (of Balick and Bader) for the defendant.

*Joseph Donald Craven* and *Joseph P. Hurley* for the intervenors.

Superior Court for New Castle County, No. 1080, Civil Action, 1955.

HERRMANN, J.:

Two questions are presented for decision: (1) Does an "actual controversy" exist such as will support the Court's jurisdiction to grant a declaratory judgment determining the liability of the plaintiff under an insurance policy issued by it; and if so (2)' is the defendant the "spouse" of the named insured within the coverage of the policy?

The complaint filed by the plaintiff against the defendant alleges the following: On January 2, 1954, the plaintiff issued a policy of automobile liability insurance to Wade Stanley Carroll as the named insured. Under the terms of the policy, the "spouse" of the named insured was included within the coverage. On April 9, 1955, an automobile owned by one Lowran Linton and operated by Ruby Maxine Carroll, the defendant, collided with an automobile operated by Michael Melie in which Melie's wife, son and daughter were passengers. As a result of

the accident, James P. Melie, the son, was killed and the other occupants of the Melie automobile were injured. Actions for damages have been filed in this Court against the defendant by the administrator of the estate of James P. Melie and by the other injured members of the Melie family, being the intervenors herein. These suits are now pending awaiting trial. The defendant claimed coverage as Carroll's wife under the policy issued by the plaintiff to Carroll. She demanded that the plaintiff defend the actions brought against her as the result of the accident and she asserted the liability of the plaintiff upon any judgment that may be entered against her. The plaintiff denied liability and refused to defend the actions, except under the terms of a non-waiver of rights agreement and a reservation of rights letter, on the ground that the defendant was not the "spouse" of Carroll at the time of the accident and, therefore, she was not covered by the policy. Nevertheless, the plaintiff undertook the defense of the actions, under the non-waiver agreement, pending the outcome of this proceeding. The complaint concludes with the prayer that judgment be entered declaring that the plaintiff is under no duty to defend the suits or to assume liability for the defendant because she was not within the coverage of the insurance policy here involved.

The Delaware Declaratory Judgments Act[1], like the Federal Act[2], requires the existence of an "actual controversy" as a jurisdictional prerequisite. See *Marshall v. Hill*, 8 *Terry* 478, 93 *A.* 2d 524.

The intervenors contend that the complaint fails to state a claim upon which relief may be granted and that this

---

[1]10 *Del. C.* § 6501 provides:

"In cases of actual controversy, except with respect to divorce or annulment of marriage, the Supreme Court, the Superior Court, the Court of Chancery, and the Orphans' Court, upon petition, declaration, complaint, or other appropriate pleadings, may declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such."

[2]See 28 *U. S. C.* § 2201.

Court lacks jurisdiction to grant declaratory relief because no "actual controversy" exists under the circumstances of this case. They point out that the plaintiff is now actually engaged in defending the actions brought against the defendant, albeit under a non-waiver agreement, and that the plaintiff will not be exposed to liability in any event unless the intervenors eventually prevail in their actions against the defendant. The intervenors contend, therefore, that the interests of the parties at this time are neither adverse nor ripe for judicial determination. They state that this situation does not meet the jurisdictional tests set forth in *Marshall v. Hill*, 8 *Terry* 478, 93 *A.* 2d 524, 525, as follows:

"* * * the prerequisites of a controversy, such as will warrant consideration of a declaratory judgment action under our Statute, may be summarized as follows: (1) It must be a controversy involving the rights or other legal relations of the party seeking declaratory relief; (2) it must be a controversy in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim; (3) the controversy must be between parties whose interests are real and adverse; (4) the issue involved in the controversy must be ripe for judicial determination. * * *"

I am of the opinion that the complaint presents the kind of controversy the Declaratory Judgments Act was designed to settle before "mere differences ripen into actual injuries." It has been stated that the purpose of the declaratory judgment procedure is to promote preventative justice, even if the Court must "seize time by the forelock", and that our Declaratory Judgments Act should be given liberal application. See *Stabler v. Ramsay*, 32 *Del. Ch.* 547, 88 *A.* 2d 546, 550.

■■■ The question of liability under insurance contracts has proved to be particularly susceptible to declaratory adjudication. Under statutes such as ours and in situations such as this, it is now generally accepted that declaratory relief is appropriate for settlement of the question of liability of the insurance

carrier; and, according to the decided weight of authority, the issue of such liability is ripe for adjudication even though judgment has not been obtained against the party who asserts coverage. See *Borchard on Declaratory Judgments* (2d *Ed.*) pp. 634, 645-655.

It is held that this action for a declaration of non-liability is properly brought under our Declaratory Judgments Act and that the facts set forth in the complaint present an "actual controversy", within the meaning of the Statute. See 1 *Anderson on Actions for Declaratory Judgments,* § 22; *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 *U. S.* 270, 61 *S. Ct.* 510, 85 *L. Ed.* 826; *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 *U. S.* 227, 57 *S. Ct.* 461, 81 *L. Ed.* 617; *Maryland Casualty Co. v. Consumers Finance Service, etc.,* 3 *Cir.* 101 *F.* 2d 514; *State Farm Mut. Auto Ins. Co. v. Mossey,* 7 *Cir.,* 195 *F.* 2d 56.

Accordingly, the motion to dismiss the complaint will be denied.

Turning now to the plaintiff's motion for summary judgment, it is conceded that Ruby Maxine Carroll and Wade Stanley Carroll have never engaged in a ceremonial marriage. It appears that in 1949 they went to New Hampshire on a weekend trip intending to be married but no ceremonial marriage ever took place. They cohabitated while on this trip in New Hampshire and from that time forth they considered themselves man and wife. Since then, they have lived together as residents of Delaware and, by mutual acknowledgment, they have been generally reputed to be husband and wife. There is no dispute as to these facts.

The insurance policy covers Carroll and his "spouse". The question, therefore, is whether Ruby Maxine Carroll was Carroll's "spouse", within the coverage of the policy, at the time of the accident.

The marital relationship of the parties is governed by the law of New Hampshire. See *Petras v. Petras,* 7 *Boyce* 290, 105 *A.* 835; *Anonymous v. Anonymous,* 7 *Terry* 458, 85 *A.* 2d

706. It seems to be settled that, with exceptions not applicable here, "common law" or "informal" marriages are not recognized as legal and valid marriages under the law of New Hampshire[3]. See *Dunbarton v. Franklin,* 19 *N. H.* 257; *Delisle v. Smalley,* 95 N. H. 314, 63 *A.* 2d 240; *Id.,* 96 *N. H.* 58, 69 *A.* 2d 868; *Fowler v. Fowler,* 96 *N. H.* 494, 79 *A.* 2d 24; compare *Norcross v. Norcross,* 155 *Mass.* 425, 29 *N. E.* 506. The defendant and the intervenors contend that the applicable New Hampshire Statutes and the leading case of *Dunbarton v. Franklin, supra,* may be otherwise construed. In view of the cases cited above, however, it appears that the status of the law in New Hampshire on this question is no longer open to debate. Accordingly, it is concluded that the defendant was not legally married to Carroll under the law of the State in which she asserts the marriage was consummated.

An existing legal marriage, arising from lawful wedlock, is an essential element of the status of being a "spouse" according to the legal as well as the usual and ordinary meaning of the word. A spouse is a lawful wife or husband. See *Webster's New International Dictionary* (2d *Ed.*) p. 2438; *Harris v. Lumbermen's Mut. Cas. Co. of Chicago, Ill., La. App.,* 48 *So.* 2d 728; *Rosell v. State Ind. Acc. Comm.,* 164 *Or.* 173, 95 *P.* 2d 726; *Jones v. Gaillard,* 241 *Ala.* 571, 4 *So.* 2d 131; *United States v. Robinson,* 5 *Cir.,* 40 *F.* 2d 14.

It follows that the defendant was not the spouse of Wade Stanley Carroll at the time of the accident and, therefore, she is not within the coverage of the policy issued by the plaintiff.

I find no merit in the contention that, prior to the issuance of the policy, the plaintiff was informed that Carroll was married to an unnamed wife and that, therefore, the plaintiff now is estopped to deny a lawful marriage between Carroll and the defendant.

---

[3]The parties agree that the law of New Hampshire governs. Since common law marriages are not recognized as lawful marriages under the law of Delaware, the result is the same under the law of either State.

Judgment will be entered declaring that the plaintiff is not under a legal duty to defend the actions brought against the defendant by the intervenors or to pay any judgments against the defendant that may arise from such actions.