Hillsborough, } No. 3772.
Jan. 5, 1949. }

MARION DELISLE, *Ex'x* Estate of Mary Lavigne, *Ap'ee*

*v.*

ALBERT E. SMALLEY, *Ap't.*

*Joseph J. Betley* (by brief and orally), for the appellant.

*Ernest R. D'Amours* (by brief), for the appellee.

KENISON, J. New Hampshire has been considered and classed as a jurisdiction which does not recognize the validity of common-law marriages. *Dunbarton* v. *Franklin*, 19 N. H. 257; *Norcross* v. *Norcross*, 155 Mass. 425; 39 A. L. R. 538, 551. The question presented in this case is whether our cohabitation statute operates to give limited recognition to such marriages under certain definite and strict conditions stated therein. The statute provides that "Persons cohabiting and acknowledging each other as husband and wife, and generally reputed to be such, for the period of three years, and until the decease of one of them, shall thereafter be deemed to have been legally married." R. L., c. 338, s. 39. This statute has been in force substantially in its present form since 1842. R. S., c. 149, s. 11. There has been no definitive construction of the statute. In the *Dunbarton* case *supra*, it was held that it could not apply retroactively and in *Hilliard* v. *Baldwin*, 76 N. H. 142, it was decided that the statute did not validate polygamous or void marriages. R. L., c. 339, s. 1; R. L., c. 338, ss. 1-3.

Another section of the marriage law provides that "evidence of acknowledgment, cohabitation, and reputation is competent proof of marriage." R. L., c. 338, s. 40. In this section there is no requisite period of time while s. 39 requires "the period of three years, and until the decease of one of them." It is unlikely that these two statutes would employ totally dissimilar phraseology to accomplish a single result. The word "deemed" in s. 39 is a stronger word of finality (*State* v. *Cohen*, 73 N. H. 543, 547) than the evidential phrase "competent proof" in s. 40. Cohabitation plus mutual acknowledgment as husband and wife plus general reputation as husband and wife which is continuous for a period of at least three years until dissolved by death constitutes a valid marriage by force of the statute (s. 39) whether solemnization is irregular (R. L., c. 338, s. 36) or absent. Cf. *Franklyn* v. *Franklyn*, 93 N. H. 90.

The case is transferred here without ruling "on the facts found and recited in the opinion of the Probate Court." It is stated therein in effect that there was the requisite statutory cohabitation, acknowledgment and reputation "from late 1935 until her death on July 27, 1946." Upon that record the appellant was "deemed to have been legally married" and is entitled to his distributive share as a husband under R. L., c. 359, ss. 12-14.

There appears from the briefs to be some dispute whether certain declarations in the decedent's will may be referred to as showing lack of mutual acknowledgment as husband and wife prior to her decease.

Since the will is not part of the case, we cannot speculate on its effect. Whether justice requires amendment or reconsideration for that purpose will be determined by the Superior Court. *Venus Corporation* v. *Hanover Store,* 88 N. H. 478, 479; R. L., c. 398, s. 1; *Bull* v. *Gowing,* 85 N. H. 483, 486.

*Judgment for the appellant nisi.*

All concurred.