Hillsborough, } No. 3852.
Jan. 3, 1950. }

LAURA E. GAUTHIER *v.* ROBERT C. LAING, *Special Adm'r.*

*Bois & Bois* and *James A. Manning (Mr. Manning* orally), for the plaintiff.

*McLane, Davis, Carleton & Graf* and *Stanley M. Brown (Mr. Brown* orally), for the defendant.

KENISON, J. The crux of this case is whether plaintiff's claim, found by the Trial Court to be meritorious, is to be defeated by the meretricious relationship between the parties. Like most questions involving illegality and public policy there is much to be said for both sides and conflicting views of the applicable law are prevalent.

On behalf of the plaintiff it may be said that she, and not the heirs, was the only one who gave the decedent any care, treatment and attention during the last six years of his life. This was particularly

true during the latter two years when his condition demanded greater attention and care. It is not unprecedented to rule that "a person does not become an outlaw and lose all rights by doing an illegal act" (*Nat'l Bank & Loan Co.* v. *Petrie*, 189 U. S. 423, 425 *Holmes*, J.) and that "equity does not demand that its suitors shall have led blameless lives." *Loughran* v. *Loughran*, 292 U. S. 216, 229 (*Brandeis*, J.). That view of the law is not confined to the jurisdiction cited as appears from the following quotation from *Metropolitan Life Ins. Co.* v. *Olsen*, 81 N. H. 143, 146, 147 (*Parsons*, C. J.): "Legally she was not his wife. Their way of life was not in accord with the criminal law or the moral view of the community. But the court is not now administering the criminal law or their view of the law of morals. If it were, fining one of the parties [$4,420.] . . . , or depriving her of that sum to express the court's indignation at the immorality of her habit of life, would hardly satisfy the ordinary sense of justice." A bargain for housekeeping services otherwise valid is not rendered illegal by the "fact that their illicit relations furnished the motive." *Crossett* v. *Brackett*, 79 N. H. 102, 104. "The fact that past cohabitation is the motive for a promise will not invalidate it." 6 Williston, Contracts (Rev. *ed.*) s. 1745, *n.* 5.

Upon behalf of the defendant it may be said that the bargain made and executed between the plaintiff and the decedent was an entire and indivisible one and that the meretricious part is inseparable from the meritorious part. *Harlow* v. *Leclair*, 82 N. H. 506. "As a consideration partly illegal for an indivisible promise vitiates the whole promise, one who serves as housekeeper or servant under a contract of employment cannot recover on the contract if illicit cohabitation was contemplated and actually took place." *Williston, supra, s.* 1745, *n.* 7; *Stewart* v. *Waterman*, 97 Vt. 408. In that situation "the law leaves the parties where they placed themselves" (*Meredith* v. *Fullerton*, 83 N. H. 124, 134) and recovery is denied. Anno. 7 A. L. R. (2d) 8, 137; *Thompson's Estate*, 337 Ill. App. 290.

The Restatement, Contracts, *s.* 589 provides: "A bargain in whole or in part for or in consideration of illicit sexual intercourse or of a promise thereof is illegal; but subject to this exception such intercourse between parties to a bargain previously or subsequently formed does not invalidate it." It is evident that the Trial Court in denying defendant's claims of illegality and allowing the plaintiff to recover, thought that bargain for care was not united in consideration or promise with the illegality of their relationship. See Williston, *supra, s.* 1631, *n.* 13; *Zytka* v. *Dmochowski*, 302 Mass. 63; *Burns* v.

*Stevens,* 236 Mich. 447. In other words the illegal part of the contract was terminated and could be separated from the legal part. While I would uphold the Trial Court's decision, a majority of the court are of the opinion that the arguments in favor of the defendant outweigh those in favor of the plaintiff and that the defendant's position is supported by the weight of the authorities.

Accordingly, it is unnecessary to consider other questions raised by the parties since this decision on the main issue disposes of the case. Therefore, the order must be

*Exceptions sustained.*

BLANDIN, J., did not sit.