DANIEL E. FOWLER *v.* MABEL M. FOWLER.

*John W. Perkins* and *Everett P. Holland* (*Mr. Holland* orally), for the plaintiff.

*William H. Sleeper* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the defendant.

DUNCAN, J. While the parties conceded before the Trial Court that "the law of the state of New York governs these proceedings," the defendant now asserts that the plaintiff's case fails for lack of proof of the New York law, since no evidence was introduced with respect to it in the court below. The procedure by which foreign law is to be judicially determined in this jurisdiction was considered in *Saloshin* v. *Houle*, 85 N. H. 126, and the principle laid down that in construing foreign law proved in the Trial Court, the appellate court may take judicial notice of that law as contained in "works of acknowledged authority" not received in evidence at the trial. The following opinion was then expressed: "Carrying the point to its conclusion, if no evidence at all of the foreign law is furnished, it may be that there are no facts to be deduced. Without a finding of the facts, they cannot be construed, and without a case of construction there is no occasion to employ judicial notice as an aid. Such a situation is too infrequent to be of practical concern. If no evidence of the law of a foreign or sister state is presented to the trial court, a presumption in

favor of the common law will govern if that law is there in force. Beyond that a case may well fail for lack of proof." *Id.*, 134. In *Adams* v. *Thayer*, 85 N. H. 177, 179, the statement was thus "extended": "If it appears that a rule of common law is not the same in all common-law jurisdictions, the rule as established in the jurisdiction whose law governs the case is to be applied." See also, *Garapedian* v. *Anderson*, 92 N. H. 390, 393.

It is correctly conceded that the validity of the marriage of the parties is to be determined according to the law of New York. *Shippee* v. *Shippee*, 95 N. H. 450; *Foster* v. *Foster*, 89 N. H. 376. If lack of proof of that law in the court below reduces us to determination of the validity of the marriage according to the common law no serious problem is presented. By the common law of this jurisdiction and of New York, the marriage was invalid because the defendant's husband by a prior marriage was then alive. *Hilliard* v. *Baldwin*, 76 N. H. 142, 144; *Bickford* v. *Bickford*, 74 N. H. 448; *Fenton* v. *Reed*, 4 Johns. 51; *Williamson* v. *Parisien*, 1 Johns. Ch. 389. If ascertainment of the statutory law by this court were permissible, there is no reason to believe that any different conclusion would be reached. See, Domestic Relations Law (New York), section 6. Any presumption of dissolution of the first marriage arising from proof of the second (Anno. 14 A. L. R. 2d. 7) is overcome by the evidence that it was not in fact dissolved until after the second marriage. It follows that the first question transferred is answered in the negative.

The question of whether the void marriage of the parties became valid and binding after the removal of the impediment of the defendant's first marriage by virtue of the divorce obtained in 1938 cannot be determined according to the law of New York for the parties have not resided there at any time since their marriage. While they lived together in Massachusetts for a few months in 1935, the impediment was not removed until 1938. Were the statutory law of Massachusetts properly before us on the present state of the record, the defendant could take no advantage of the provisions which operate to validate a marriage after removal of an impediment by divorce, (G. L. Mass. (Ter. *ed.*) *c.* 207, *s.* 6; *Turner* v. *Turner*, 189 Mass. 373), because the parties have not cohabited in that jurisdiction since the divorce, and the statute can have no extraterritorial effect. 1 Beale, Conflict of Laws 311, 312. *Cf. Smith* v. *Smith*, 58 F. (2d) 883.

The effect of the removal of the impediment to the marriage must be determined according to the law of this jurisdiction, where the parties have had their domicile both while the defendant's divorce

action was pending, and since. 2 Beale, *op. cit.* 668. Our statutes contain no provision comparable to the statutory law of Massachusetts upon which the defendant relies. By section 40, chapter 338, Revised Laws, evidence of "acknowledgment, cohabitation and reputation" is made competent proof of marriage. By section 39, establishment that these requirements continued for three years and until the death of one of the parties, confers thereafter the incidents which follow upon the termination of a valid marriage by death. *Delisle* v. *Smalley*, 95 N. H. 314; *ante*, 58, 59. Neither of these sections can operate to validate the marriage of the parties to this action. The latter section is inapplicable, and the former of no effect where the existence of a prior marriage affirmatively appears. *Hilliard* v. *Baldwin*, 76 N. H. 142; *Emerson* v. *Shaw*, 56 N. H. 418. New Hampshire is a "jurisdiction which does not recognize the validity of common-law marriages," (*Delisle* v. *Smalley, supra*, 95 N. H. 314, 315) except to the limited extent provided by R. L., c. 338, s. 39, *supra*.

The defendant contends that the plaintiff is estopped by his own conduct to question the validity of their marriage, citing *Ancrum* v. *Ancrum*, 9 N. J. Misc. 795. This issue is not presented by either question transferred, and its determination is therefore unnecessary. A view contrary to that of the cited case has been adopted by other jurisdictions. See 4 A. L. R. (2d) 542, 554. Based upon public policy, it is sufficiently akin to the view expressed by *Smith*, J., in *Emerson* v. *Shaw, supra*, 420, as to suggest that the defendant's contention is not likely of adoption here. The second question transferred is answered in the negative.

A supplemental reserved case presents the plaintiff's exception to the denial of a motion to reopen for the purpose of receiving the testimony of the defendant's husband by her first marriage. The motion was supported by an affidavit setting forth what the testimony of the witness would be. It was stated in substance that the witness served three months in a Springfield jail in 1929 as a result of a complaint filed by the defendant, that he conversed with her in 1930, took her from New York to Springfield in 1931 or early 1932, and was sentenced to state prison in 1932. In denying the motion the Court ruled that the testimony would not be material.

The plaintiff's argument in support of his exception stresses the relation of the witness' testimony to the presumption of dissolution of the defendant's first marriage. Since any such presumption is held to have been overcome by the evidence that it was not dissolved until

after the second marriage, no error is apparent in the rulings of the Trial Court, and the exception is overruled.

*Case discharged.*

JOHNSTON, C. J., was absent: the others concurred.