Hillsborough,
No. 4753.

ALBERT LEVESQUE *v*. MARY B. COTE.

Argued October 6, 1959.

Decided December 1, 1959.

*Guertin & Widener* (*Mr. Guertin* orally), for the plaintiff.

*Albert Terrien* (by brief and orally), for the defendant.

KENISON, C. J. The findings of fact in this case have not been impeached by either party. The defendant took no exception thereto and the plaintiff in challenging the correctness of the decree denying relief, accepts as true the facts found by the Trial Court. On the findings this is a case where the plaintiff transferred property in joint tenancy with the understanding that the defendant would live with him in a common-law husband-and-wife relationship. Transfers of property or money based on illicit sexual relations have fared badly in the courts. It "is well settled that where the consideration for the transfer of property or the payment of money by a man to a woman, or by a woman to a man, is future illicit sexual relations between them, or where the purpose of the transfer or payment of money is to encourage such relations, the party so paying money or transferring property cannot recover the same." Anno. 120 A. L. R. 475.

The cases in this jurisdiction support this rule. In *White* v. *Hunter*, 23 N. H. 128, the court refused to allow a son and heir to obtain a reconveyance of realty transferred by his father to a woman in consideration of illicit intercourse. In *Harlow* v. *Leclair*, 82 N. H. 506, a man gave a woman money to purchase an automobile, taking a mortgage to secure the payments, and then surrendered the mortgage and note in consideration of past and future illicit sexual relations. It was held that where the woman terminated such relations prior to the time agreed on, the man was not entitled to sue for the amount due on the mortgage thus surrendered to the woman. In *Gauthier* v. *Laing*, 96 N. H. 80, recovery was denied for services rendered a deceased where illicit cohabitation of the parties was an inseparable and indivisible part of the bargain.

Since the Court has found that the agreement between the parties did not contemplate that the defendant was to act as housekeeper for the plaintiff, it is impossible to employ the rule .

set forth in *Crossett* v. *Brackett*, 79 N. H. 102, 104, that a bargain for housekeeping services, otherwise valid, is not rendered illegal by the "fact that their illicit relations furnished the motive." Nor is it possible to find any separate or subsequent agreement between the parties which was distinct from the illegality of their relationship. *Zytka* v. *Dmochowski*, 302 Mass. 63; Restatement, Contracts, s. 589.

While the author of this opinion continues to have doubts and misgivings, as indicated in *Gauthier* v. *Laing*, 96 N. H. 80, 85, that the general rule employed in our cases is a deterrent to sin, a majority of the Court supports the general rule and the public policy which lies behind it. 6 Williston, Contracts (Rev. *ed.*) s. 1745. The ruling of the Trial Court denying relief to the plaintiff in this case is similar to and supported by the rationale of *Harlow* v. *Leclair*, 82 N. H. 506.

*Exceptions overruled.*

All concurred.