### JOAN S.

v.

### JOHN S.

March 6, 1981

*Craig, Wenners, Craig & McDowell,* of Manchester (*Thomas E. Craig* on the brief and orally), for the plaintiff.

*Hanrahan, Brennan & Michael,* of Manchester (*John W. Hanrahan* on the brief and orally), for the defendant.

KING, J. The plaintiff, Joan S., appeals from an order of the Hillsborough County Superior Court dismissing her petition requesting the court to impose alimony, child support, and other obligations on the defendant, John S. The petition alleged the following facts. The plaintiff and the defendant lived together without benefit of marriage continuously from 1963 or 1964 until the filing of the petition in June 1979. The parties have four children, ranging in age from ten to fourteen. Both the plaintiff, who is unemployed, and the children are totally dependent for their support upon the defendant. The defendant operates his own business with an estimated equity of $80,000. The parties' homestead is in their joint names, as are certain bank accounts. The parties also own certain household furnishings and personal property. Their automobiles are owned separately.

The petition requested the court to decree the relationship of the parties a void marriage and "impose the obligations and restrictions upon the defendant pursuant to the statutory laws of the State . . . with regards to alimony, child support, property division and injunctions . . . as may be just and equitable. . . ." In the alternative, the plaintiff requested that the defendant be enjoined from entering the homestead, pursuant to RSA 498:2. The plaintiff further requested that the defendant be ordered to pay support for

both herself and the children pursuant to RSA ch. 168-A and for herself on the basis of assumpsit and quantum meruit. Finally, the plaintiff requested that the parties' property be divided between them pursuant to RSA ch. 538.

In answer to the petition, John S. alleged that he supports, and will continue to support, his minor children and that he acknowledges the interest of Joan S. in the jointly owned real estate and any joint bank accounts. The defendant alleged, however, that his business is owned by him alone and was so owned before he had any acquaintance with Joan S. He also alleged that Joan S. was always aware that he never intended to marry her. The Trial Court (*Bean*, J.) granted the defendant's motion to dismiss the petition.

The question presented to this court is whether the petition of Joan S. alleges grounds for relief. We hold that it does not and affirm the dismissal of the petition.

The primary contention of Joan S. is that the relationship between the parties should be considered a marriage. She seeks to dissolve this "marriage" under RSA ch. 458. The brief description of the nature of the case in the notice of appeal states: "[T]his case involves a determination of the rights and liabilities of the parties to a common law marriage." The specific question to be raised on appeal is the "[r]ights and liabilities of the parties to a common law marriage." A secondary request of Joan S. is to have this court apply New Hampshire law concerning the disposition of marital property in a divorce proceeding to the disposition of property of parties who have cohabited and raised a family but have never married.

 "New Hampshire is a 'jurisdiction which does not recognize the validity of common-law marriages' . . . except to the limited extent provided by [RSA 457:39]." *Fowler v. Fowler*, 96 N.H. 494, 497, 79 A.2d 24, 27 (1951), *citing Delisle v. Smalley*, 95 N.H. 314, 315, 63 A.2d 240, 240 (1950). RSA 457:39 provides that the status of "common law" spouse obtains only as to the survivor of two people who had cohabited and acknowledged each other as husband and wife, and who had been generally reputed as such, for a period of three years and until the decease of one of them. The statute has been in effect in substantially the same form since 1842. *See* RS 149:11 (1842). Because the plaintiff does not come within the terms of RSA 457:39, it was proper for the trial court to dismiss her claim based upon the "marriage" of the parties. If a

common-law marriage is to be more broadly recognized in this State, a request for such a determination should be addressed to the legislature.

■ The plaintiff asks us, however, to follow the reasoning of *In re Marriage of Cary*, 34 Cal. App. 3d 345, 353, 109 Cal. Rptr. 862, 866 (1973), and to apply a divorce-like property settlement to this case. This we decline to do. The right to a divorce is predicated upon the existence of a valid marriage between the parties. *Brown v. Brown*, 234 Ga. 300, 302, 215 S.E.2d 671, 673 (1975); 27A C.J.S. *Divorce* § 1 (1959). In the absence of a valid marriage, the court may not exercise its statutory powers incident to a divorce. *See Whitney v. Whitney*, 192 Okla. 174, 177, 134 P.2d 357, 361 (1942). We find the reasoning in *Cary* unpersuasive, and we note that the California Supreme Court has itself expressly rejected this reasoning in *Marvin v. Marvin*, 134 Cal Rptr. 815, 829, 557 P.2d 106, 120 (1976).

■■ Our refusal to apply RSA ch. 458 to the dissolution of non-marital living arrangements does not, however, prevent equitable adjustment of the rights of the parties. *See id.* at 819, 557 P.2d at 110; *DuVall v. DuVall*, 543 P.2d 766, 767 (Okla. Ct. App. 1975). Even without alleging a valid or "de facto" marriage, either party may bring a bill in equity or petition for declaratory judgment to determine equitably the rights of the parties in particular property. *See* RSA 498:1; RSA 491:22. Furthermore, although "[t]ransfers of property or money based on illicit sexual relations have fared badly in the courts," *Levesque v. Cote*, 102 N.H. 297, 299, 156 A.2d 120, 122 (1959), a court will enforce an action in contract, if one can be shown to exist, to the extent that it is not founded upon the consideration of meretricious sexual relations. *Marvin v. Marvin*, 134 Cal. Rptr. at 819, 557 P.2d at 110; *see Levesque v. Cote, supra* at 299–300, 156 A.2d at 122; *Gauthier v. Laing*, 96 N.H. 80, 84, 70 A.2d 207, 209–10 (1950). In this case, however, the plaintiff's petition failed to raise adequately either of these theories of relief.

■■ With respect to the plaintiff's request that the real estate be partitioned, we conclude that the petition was properly dismissed for the plaintiff's failure to state her interest and to name all the interested parties as required by RSA 538:2. Likewise, the plaintiff's request for relief under RSA ch. 168-A was properly

denied for her failure to comply with the statute of limitations. RSA 168-A:12 (Supp. 1979).

In the appeal before us, we are not concerned with the broad social ramifications of the property rights of *de facto* spouses in what are commonly referred to as unstructured domestic arrangements. The case before us arises solely from the plaintiff's pleadings, all of the prayers of which were properly dismissed by the trial court upon motions of the defendant. While there may be viable theories for legal and equitable relief available to Joan S., they were not presented to the trial court.

We affirm the dismissal of the petition by the trial court with the understanding that our decision does not bar the commencement of an appropriate proceeding for legal and equitable relief, provided it is commenced within sixty days from the date of this decision. Otherwise, any further proceeding is barred.

*Affirmed.*

BOIS, J., did not sit; the others concurred.