# CHARLESTON.

## McKimmie Admr. v. Postlethwait.

Submitted April 25, 1916.    Decided May 2, 1916.

1. Husband and Wife—*Gifts Inter Vivos—Burden of Proof.*

On him who claims the property of his wife, money in this instance, in virtue of a gift from her, devolves the burden of establishing by clear and convincing proof every essential and constituent element of a valid gift *inter vivos:* these elements being an intention of the donor at the date of the gift to bestow on him the unconditional and irrevocable title to the property, an actual delivery thereof to him, and his continued possession of the property elsewhere than at the joint residence of himself and the donor; unless the gift be by deed or will, as required by sec. 1, ch. 71, Code. The mere possession thereof, coupled with proof of

inconclusive declarations of the wife, she being dead, will not suffice. (p. 275).

2. SAME—*Gifts Inter Vivos—Presumptions.*

The intention of a wife to part with her property and confer ownership thereof on her husband must clearly appear. It will not be presumed she gratuitously bestowed it on him, except where the rights of creditors or of purchasers without notice are involved. (p. 275).

3. EXECUTORS AND ADMINISTRATORS—*Actions—Authority to Sue.*

An administrator of an intestate married woman may maintain assumpsit to recover property in the possession of her husband claiming it as his own, whether as a gift or otherwise. (p. 275).

Error to Circuit Court, Wetzel County.

Action by John McKimmie, administrator, against R. W. Postlethwait. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*H. H. Rose,* for plaintiff in error.

*Thayer M. McIntire,* for defendant in error.

LYNCH, JUDGE:

The plaintiff, as administrator of Elizabeth Postlethwait, sued to recover from her husband, R. W. Postlethwait, the proceeds of the sale of her real estate made in April 1913, she having died in August of the same year. The justice before whom the proceeding began, and the circuit court upon appeal, found for plaintiff, and defendant obtained this writ.

Mrs. Postlethwait acquired title to one of the lots in 1908 and to the other in 1909. With her assent, the defendant sold the lots, and presumably both of them joined in the deed to the purchaser, a copy thereof not being found in the record. That he received and since has retained the fund derived from the sale is proved and not controverted. The defendant bases his denial of the right to a recovery in this action on several grounds, some of which do not seem to require more than a passing notice.

It is claimed there is no averment or proof of coverture and cohabitation. Some of the witnesses referred to Mrs. Postlethwait and the defendant as mother and father; and, in the absence of any proof tending to show they were not married

and not living together in the marital relation, and as the case has proceeded as if they were actually husband and wife, that relation must be presumed to have existed. 26 Cyc. 872. That no averment of coverture was necessary, in order to permit the defenses the benefit of which is urged in behalf of defendant, seems obvious and needs no further comment.

Nor is there more merit in the contention that, as the wife could not maintain an action at law to recover the fund in the hands of her husband, her administrator can not maintain such an action. Admitting but not deciding the soundness of the major premise, the conclusion based thereon does not necessarily follow. The reasons usually assigned for the common-law rule, denying to either husband or wife the right to sue the other, have no persuasive force or validity upon the cessation of that relationship, whether caused by death or by a divorce from the bonds of matrimony. This contention finds no support in reason or authority, and, if sanctioned, necessarily might lead to serious consequences. It would afford an opportunity to commit waste and to allow the appropriation of the wife's property by the husband during coverture, and deny to her successors in title the right to resort for redress to the usual legal remedies. But, while she could have sued in equity, her administrator is not restricted to that remedy. And, although because of the coverture she could not have recovered in assumpsit the fund collected and wrongfully appropriated to his own use, her administrator may resort to that action. *Albee* v. *Cole,* 39 Vt. 319; see also note, 73 A. S. R. 269.

The vital and controlling inquiry presented for determination in this case is whether the money in the possession of the defendant was a gift from his wife, and, if a gift, whether it can be recovered from him in this action. The proof offered as a basis for the solution of these inquiries seems to indicate an intention on the part of Mrs. Postlethwait to confer on her husband the right to deal with the money derived from such sale as his own, with the right to appropriate it to his individual personal uses. For, although five months elapsed between the date of the sale and her death, she made no demand upon him for the delivery of the money to her, so far

as any testimony tends to show. One of her sons and a brother both testified, with a degree of positiveness but not very fully, that she told them the money belonged to her husband because he had paid for the property conveyed to her and by both of them to Moore. The prolonged retention of the money, without a demand for repayment, is a corroborative circumstance tending to show the actuality of the gift.

But, while corroborative, these facts are not conclusive, though not rebutted. To constitute a valid gift *inter vivos*, the donor must intend at the time to part with his title to the property and his power over it and to bestow upon the donee a complete and irrevocable title thereto. The intention of the wife to part with her property and confer ownership on her husband, must clearly appear. *Sasser* v. *Sasser*, 73 Ga. 275; *Farmer* v. *Farmer*, 39 N. J. Eq. 211. It will not be presumed that she has gratuitously bestowed her property upon another. *Dickeschied* v. *Bank*, 28 W. Va. 340. And he who claims property as a gift from another must show clearly and satisfactorily that the donor intended to give, that the intention existed at the time the gift was made, and that it was consummated by an actual delivery. Mere possession will not suffice; nor will inconclusive declarations on the part of the donor. *Dickeschied* v. *Bank, supra.* On the claimant devolves the burden of establishing by competent proof these essential elements of a valid gift. 26 Cyc. 1301 and cases cited. Besides, possession at the joint residence of the doner and donee will not avail, except where the gift is by deed or will, as provided in §1, ch. 71, Code. Unless so made, or unless possession thereof is held elsewhere than at the common residence of the donor and donee, the gift is void and title to the property does not pass. *Evans* v. *Higgins*, 70 W. Va. 640. The words "goods and chattels", as used in that section, include money. *Dickeschied* v. *Bank, supra.*

As defendant failed to prove a valid title to the property claimed by him as a gratuity from his wife, to whom he virtually concedes it originally belonged, and his possession thereof elsewhere than at the common residence, we must conclude that the judgment of which he complains is clearly right and must be affirmed.        *Affimed.*