338 S.E.2d 229

**Judith Ann BREWER**

v.

**Charles Edward BREWER, Jr.**

No. 16595.

Supreme Court of Appeals of West Virginia.

Dec. 17, 1985.

Charles F. Printz, Rice, Hannis & Douglas, Martinsburg, for appellant.

Steven M. Askin, David P. Greenberg, Askin, Pill, Scales & Burke, Martinsburg, for appellee.

PER CURIAM.

In this divorce proceeding the Circuit Court of Berkeley County awarded the appellant's wife, Judith Ann Brewer, one-half of the proceeds from the sale of the parties' marital residence. The appellant, Charles Brewer, claims that he purchased the residence prior to the parties' marriage and that the trial judge, basing his decision upon the statutory presumption that transfers between spouses are gifts, erroneously awarded the wife a one-half interest in the house. We agree, and we reverse the decision of the circuit court.

The appellant and Judith Ann Herbaugh were married on August 28, 1982. They separated less than a year after their marriage, and on September 15, 1983, the appellant's wife sued for divorce. In her amended complaint she prayed that she be awarded a one-half interest in the parties' residence and that the property be partitioned.

During the hearings in the case the appellant established that shortly prior to his marriage to Judith Herbaugh he purchased a parcel of real estate located in Berkeley County for $88,000.00. On August 27, 1982, the day before the marriage, he contacted the attorney handling the transaction and instructed him to prepare the deed for the real estate in the joint names of himself and his prospective wife with the right of survivorship. On the same day the deed was prepared, signed, and recorded. The deed indicated that the transfer was to Charles Brewer, unmarried, and Judith Herbaugh, unmarried, as joint tenants with the right of survivorship. The uncontradicted evidence adduced during the hearings showed that the appellant provided the entire $88,000.00 purchase price for the property.

At the conclusion of the hearings the trial court ruled that *W. Va. Code*, 48-3-10, which relates to the presumption of gifts between spouses, applied to the transfer of the property, even though the parties were not married at the time of the transfer. As a result of the application of the presumption, the court concluded that the appellant's wife was entitled to one-half of the house. The court also ruled that the property was not susceptible to partition in kind and ordered that it be sold and that the proceeds be equally divided between the appellant and his wife. It is from that ruling that the appellant appeals.

During the proceedings in the case the court treated the appellant's wife's claim to the house as a claim based on a gift rather than as a claim based on equitable contribution or as an adjunct to a claim for alimony or child support. Thus the case falls outside the scope of many of this Court's recent cases relating to the distribution of marital property. The principal question presented to the trial court, as well as the principal question on appeal, was, and is, whether the appellant's act of directing that the deed to the house be prepared in his name and the name of his prospective wife constituted a valid gift of a legal part interest in the house to the prospective wife.

It is generally recognized that to have a valid *inter vivos* gift three requirements must be met: (1) there must be an

intention on the part of the donor to make a gift; (2) there must be a delivery or transfer of the subject matter of the gift; and (3) there must be acceptance of the gift by the donee. *See,* 38 Am.Jur.2d *Gifts* § 16 *et seq.* (1968). The elements of intent and delivery have been recognized in West Virginia case law. Regarding the element of intent, *McKimmie v. Postlethwaite,* 78 W.Va. 273, 276, 88 S.E. 833, 834 (1916), states: "To constitute a valid gift *inter vivos,* the donor must intend at the time to part with his title to the property and his power over it and to bestow upon the donee a complete and irrevocable title thereto." On delivery, syllabus point 1 of *Dickeschied v. Exchange Bank,* 28 W.Va. 340 (1886), states:

> To constitute a valid gift *inter vivos,* the donor must be divested of, and the donee invested with, the right of property in the subject of the gift; it must be absolute, irrevocable and without any reference to its taking effect at some future period. The donor must deliver the property and part with all present and future dominion over it.

■ In the case presently before the Court the transfer of the property in question was by deed executed and delivered on the day prior to marriage. In real property situations, delivery of a deed answers for delivery of the property itself. As stated in syllabus point II of the early case of *Hogue v. Bierne,* 4 W.Va. 658 (1871): "A gift by deed is good between the parties, if it goes into effect at once, with delivery, for the delivery of the deed answers the place of the delivery of the property, when the property is [in]capable [Sic] of actual delivery." Thus in the case presently before the Court delivery was not a real issue. Nor was acceptance a real issue since it was clear from the appellant's wife's posture during trial that she had accepted any gift which was made. The real issue was whether the appellant intended to make a gift.

■ As a general rule, West Virginia case law holds that the burden of establishing an *inter vivos* gift rests on the party claiming that there has been a gift. *Dickeschied v. Exchange Bank, supra.* The rule relating to burden of proof has been altered by the Legislature in the case of transfers between "spouses." In such situations, the Legislature has provided in *W.Va. Code,* 48–3–10, that:

> "Where one spouse purchases real or personal property and pays for the same, but takes title in the name of the other spouse, such transaction shall, in the absence of evidence of a contrary intention, be presumed to be a gift by the spouse so purchasing to the spouse in whose name the title is taken: Provided, that in the case of an action under the provisions of article two [§ 48–2–1 *et seq.*] of this chapter wherein the court is required to determine what property of the parties constitutes marital property and equitably divide the same, the presumption created by this section shall not apply, and a gift between spouses must be affirmatively proved." [1]

In the case presently before the Court the trial court, instead of imposing the burden of proving intent upon the appellant's wife, applied the presumption of gift contained in *W.Va.Code,* 48–3–10, to supply the essential element of intent even though the parties were not married at the time of the transfer. In doing so, the trial court implicitly held that the presumption contained in the statute was available to parties contemplating marriage as well as to parties who were actually married.

This Court has repeatedly held that: "In the absence of any specific indication to the contrary, words used in a statute will be given their common, ordinary and accepted meanings. Syllabus point 1, *Thomas v. Firestone Tire & Rubber Co.,* 164 W.Va. 763, 266 S.E.2d 905 (1980)." *See Hodge v. Ginsberg,* 172 W.Va. 17, 303 S.E.2d 245 (1983); *Crockett v. Andrews,* 153 W.Va. 714, 172 S.E.2d 384 (1970); *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars,* 144 W.Va. 137, 107

---

**1.** This statute was amended in 1984, after the institution of the proceeding presently before the Court. The amendment added the proviso at the end of the section.

S.E.2d 353 (1959); *Slack v. Jacob*, 8 W.Va. 612 (1875).

 The common and accepted meaning of the word "spouse" is one who is lawfully wedded to another. "An existing legal marriage, arising from lawful wedlock, is an essential element of the status of being a 'spouse' according to the legal as well as the usual and ordinary meaning of the word. A spouse is a lawful wife or husband." *Harleysville Mutual Casualty Ins. Co. v. Carroll,* 50 Del. 67, 123 A.2d 128, 131 (Del.Super.1956). "A spouse is a legal wife or husband." *United States v. Robinson,* 40 F.2d 14, 16 (5th Cir.1930). "The meaning of 'spouse' is clear: ' * * * a man or woman joined in wedlock, a married person: HUSBAND, WIFE.' Webster's Third New International Dictionary (1961), at 1108." *Lopez v. Santiago,* 125 N.J.Super. 268, 270, 310 A.2d 500, 501 (1973). *See, Sypien v. State Farm Mut. Auto. Ins. Co.,* 111 Ill.App.3d 19, 66 Ill.Dec. 780, 443 N.E.2d 706 (1982); *Menchaca v. Hiatt,* 59 Cal.App.3d 117, 130 Cal.Rptr. 607 (1976).

The *Harleysville Mutual Casualty Ins. Co.* case, *supra,* indicates that parties contemplating marriage, and about to be married, are not "spouses" until a lawful marriage occurs.

 The Court is of the opinion that *W.Va.Code,* 48–3–10, because of its wording, does not apply when transfers occur between parties contemplating marriage; it applies only when transfers occur between parties who are lawfully married. In affording the appellant's wife the benefit of the statute, the Circuit Court of Berkeley County erred.

 However, the fact that the appellant's wife is not entitled to the presumption does not preclude her from establishing by evidence that the appellant intended to make her a gift. Certainly the imminent pendency of marriage was a factor affecting the appellant's state of mind at the time of the transfer and would be relevant to the question of intent.

The full record of this case is not before the Court, and it is impossible to determine whether the evidence adduced was sufficient to establish intent or even whether the evidence on the point was fully developed. It is also impossible for the Court to determine whether the appellant developed an adequate case for the imposition of a constructive trust.

Because the trial court improperly afforded the appellant's wife the benefit of the presumption contained in *W.Va.Code,* 48–3–10, the court's decision should be reversed, and this case should be remanded, and the court should reconsider the evidence adduced and determine whether it established that the appellant intended to make his prospective wife a gift; if necessary, further hearings should be conducted on that issue.

Reversed and remanded.