# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Rodney A. Kovach,**
**Respondent Below, Petitioner**

**vs) No. 19-0044** (Monongalia County 13-D-100)

**Patricia A. Kovach,**
**Petitioner Below, Respondent[1]**

**FILED**

**November 4, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rodney A. Kovach, by counsel Chelsea V. Prince, appeals the Circuit Court of Monongalia County's December 12, 2018, order affirming the Family Court of Monongalia County's order, which held that petitioner was not entitled to credit for amounts due under the divorce decree for payments he made for the benefit of respondent. Respondent Patricia A. Kovach, by counsel Michelle L. Bechtel, submitted a response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in 2007. They filed for divorce on February 25, 2013, and the divorce was granted by order entered on April 23, 2015. Pursuant to the divorce decree, the parties agreed that petitioner was to remit $4,000 per month to respondent for a period of forty-eight months, to be considered as equitable distribution. On March 13, 2018, respondent filed a petition for contempt in the Family Court of Monongalia County, alleging the following: (1) petitioner owes respondent $10,000 pursuant to paragraph 4(b)(i) of the divorce decree; (2) petitioner owes respondent $13,000 pursuant to paragraph 4(b)(iv) of the divorce decree; and (3) petitioner owes respondent $20,368.50 pursuant to paragraph 4(b)(v) of the divorce decree. The family court held a hearing on that motion on July 20, 2018, and then entered its order granting the petition for contempt, finding petitioner in contempt of the divorce decree and awarding judgment to respondent. Specifically, the family court judge ordered that respondent is awarded judgment

---

[1] While the circuit court's order refers to Ms. Kovach as the petitioner below, Mr. Kovach actually filed the appeal to the circuit court. Therefore, it is unclear why Mr. Kovach was considered the respondent before the circuit court.

1

against petitioner in the amount of $27,681.56; that petitioner shall make payment in the amount of $10,000 to respondent no later than September 1, 2018; that periodic payments in the amount of $4,000 per month by petitioner to respondent shall continue until April 15, 2019, as set forth in the divorce decree; and that effective July 20, 2018, respondent shall be solely responsible for all costs and expenses related to the 2015 BMW identified by the family court.[2]

Petitioner then filed the petition for appeal before the circuit court, alleging that the family court erred by finding that payments to third-parties for the benefit of respondent were gifts and not to be credited against amounts otherwise owed by petitioner as petitioner understood when making said payments.[3] Respondent submitted a response to which petitioner submitted a reply. In that appeal, petitioner argued that the family court abused its discretion by finding that the payments petitioner made to third-parties for respondent's benefit were gifts and were not to be credited against the amount petitioner otherwise owed to respondent as part of the agreed final divorce decree. Petitioner further argued that the amount he is required to pay monthly to respondent, pursuant to the divorce decree, should be reduced by the monies he expended on automobile insurance and tires for respondent's vehicle and health insurance for respondent. In its decision, the family court reasoned that because petitioner was not required under the divorce decree to provide such things to respondent, he did so of his own volition and without modifying the divorce decree, so those payments were to be treated as gifts. The circuit court found that the family court did not abuse its discretion in reaching that conclusion.

According to the circuit court, during the hearing on the petition for contempt, the parties offered differing information regarding the content of their extraneous agreements specific to the auto insurance and tires for respondent's vehicle and health insurance for respondent. Petitioner asserted that the parties agreed that he would receive credits for those payments against the

---

[2] The parties did not include any transcripts in the appendix record; however, they included the video recording of the July 20, 2018, family court proceeding. During that hearing, petitioner stated that respondent contended the payments were a gift. The family court corrected him, reminding petitioner that the family court independently made that finding without such argument from respondent. Respondent made certain requests pursuant to "side agreements," but the family court chose to strictly construe the divorce decree as to both parties. There was a subsequent written agreement between the parties, which was not presented to the family court until that July 20, 2018, hearing and was not incorporated into any family court order. Respondent claimed entitlement to certain household items under that agreement. However, the family court chose to enforce its earlier order and informed respondent that she could file suit against petitioner under that subsequent agreement if she desired to do so. The original decree required petitioner to pay respondent's tuition until she completed her nursing degree. However, because respondent switched to a different degree program, the family court strictly adhered to the decree and did not require petitioner to pay her tuition after she changed programs. The family court also declined to issue sanctions against petitioner, though it stated that it would revisit that issue if petitioner failed to make the required payments.

[3] Petitioner filed with the family court his summary of payments and supporting documents, dated July 18, 2018, setting forth payments he made on respondent's behalf totaling $30,732.91.

2

amounts he owed, while respondent claimed that the parties never reached such an understanding. The only evidence petitioner presented in support of the alleged agreement was his contested testimony, and his attorney admitted that the alleged agreements were not memorialized in writing. Further, then-counsel for petitioner informed the family court that she always "tells people to follow the court order." The circuit court found that when petitioner's own counsel tells people to strictly adhere to the agreed final divorce decree, "it is problematic for [the circuit court] to find in accordance with [petitioner] . . . [Petitioner] cannot now claim that he deserves credit for going above and beyond what was legally required of him by the Agreed Final Divorce Decree."

In its December 12, 2018, order refusing petitioner's appeal, the circuit court stated that

[i]t appears to th[e c]ourt, as it evidently did to the [f]amily [c]ourt, that the parties here desire certain clauses in the Agreed Final Divorce Decree to be narrowly construed, while also seeking that others be loosely interpreted in order to encompass their "side deals." [The circuit court], like the [f]amily [c]ourt, is not willing to venture down that rabbit hole. It is equitable to hold *both* parties to the standards articulated in the Agreed Final Divorce Decree – nothing more and nothing less. [Petitioner] was not required under the Agreed Final Divorce Decree to pay for the health insurance, car insurance, and tires; thus the [f]amily [c]ourt did not abuse its discretion when it considered these "extras" as gifts. The [f]amily [c]ourt is not required to give [petitioner] credit for something that he was not legally required to do.

The circuit court went on to find that it "is not left with a definite and firm conviction that the [f]amily [c]ourt ignored a material factor deserving of significant weight, relied upon an improper factor, or mistakenly weighed the factors in making the decision to strictly construe the Agreed Final Divorce Decree . . . ." Based on that finding, the circuit court held that the family court was not clearly erroneous in its decision to deem the payments at issue as gifts. Finally, the circuit court found that the family court's findings were not clearly wrong and that it did not abuse its discretion. Therefore, it refused petitioner's petition for appeal and affirmed the family court's final order. Petitioner appeals from that December 12, 2018, order.

As this Court has found,

"[i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock,* 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 2, *In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015).

On appeal, petitioner asserts two assignments of error. First, he argues that the circuit court abused its discretion by applying the incorrect burden of proof to affirm the family court's decision that the payments made to petitioner were gifts. He contends that prior to the divorce, he

3

maintained health insurance for the benefit of the family, provided vehicle insurance for the family, and took care of vehicle maintenance. He asserts that, in 2017 and 2018, respondent contacted him and requested that he continue to maintain her health insurance and automobile insurance, along with providing other incidental benefits, including automobile payments, tires, license, and registration for her vehicle. He claims that he relied upon her assurances that the amounts he paid for those items would be credited toward his monthly payment obligations under the divorce decree.

Citing a case from 1886, petitioner argues that the circuit court abused its discretion by abdicating its responsibility to demand that respondent meet her burden of proof and ignoring controlling case law. *See Dickeschied v. Exchange Bank*, 28 W. Va. 340, 360 (1886) ("[W]hether the donee claims title to the chattel, as a gift . . . the burden of proof rests upon him to establish every fact and circumstance necessary to show the validity of the gift, 'of which the delivery of possession is the strongest and the most essential'"). Petitioner also argues that respondent was required to provide the establishment of a gift pursuant to *Brewer v. Brewer*, 175 W. Va. 750, 751-52, 338 S.E.2d 229, 231 (1985):

> It is generally recognized that to have a valid *inter vivos* gift three requirements must be met: (1) there must be an intention on the part of the donor to make a gift; (2) there must be a delivery or transfer of the subject matter of the gift; and (3) there must be acceptance of the gift by the donee.

He contends, however, that respondent was never required to establish that the payments, totaling over $31,000, were a gift. Petitioner argued before both the family court and circuit court that the payments were not gifts and were, instead, payments made to benefit respondent that were to be deducted from his monthly obligation under the divorce decree. He further points out that respondent has not disputed the amounts of the payments or the fact that they were for her benefit. He argues that the payments he made on respondent's behalf exceeded the $4,000 per month payments he was required to make pursuant to the divorce decree.

> "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965).

*Vanderpool v. Hunt*, 241 W. Va. 254, __, 823 S.E.2d 526, 534 (2019). While petitioner's assignment of error is focused on the family court's use of the term "gift," in considering the record before this Court, it is apparent that the family court chose simply to enforce the divorce decree previously entered by it. As noted above, the parties did not provide a transcript of the family court hearing, but they did provide a video recording of the July 20, 2018, proceeding at issue. During that proceeding, the family court made it abundantly clear that it would not make any decisions regarding alleged side agreements between the parties, including petitioner's contention that the parties agreed that in exchange for the payments for respondent's benefit that the amount of his monthly payment to respondent would be decreased by the amount of those payments. In enforcing that decree, the family court also denied certain relief requested by respondent. The family court

4

informed the parties that if they sought to enforce any alleged contracts entered into separate and apart from the divorce decree, they could pursue such action in a separate proceeding outside of family court. Therefore, we find that the family court did not abuse its discretion in finding petitioner in contempt and the circuit court did not err in affirming the family court's order.

Petitioner next argues that the circuit court abused its discretion by failing to address the alternative arguments of oral modification of contract, promissory estoppel, and unjust enrichment. Without citing any authority for the proposition, petitioner argues that the failure to consider those three separate legal bases proffered by petitioner constitutes an abuse of discretion by the circuit court. As set forth by the circuit court in its order on appeal,

> when the [f]amily [c]ourt expressed its inclination to narrowly construe the Agreed Final Divorce Decree based upon the sheer lack of evidence it possessed as to the extraneous agreements, former counsel for [petitioner] agreed with the [f]amily [c]ourt, stating that she always "tells people to follow the court order." Thus, it is problematic for [the circuit court] to find in accordance with [petitioner] . . .

As addressed hereinabove, the family court determined that it would enforce the divorce decree entered by it, rather than disputed oral agreements. In affirming that decision, the circuit court specifically stated in its order that "[i]t is equitable to hold *both* parties to the standards articulated in the Agreed Final Divorce Decree – nothing more and nothing less. [Petitioner] was not required under the Agreed Final Divorce Decree to pay for the health insurance, car insurance, and tires . . . ." (emphasis in original)

As this Court has set forth,

> "'[i]n general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the circuit court makes a serious mistake in weighing them.'" [*State v. Hedrick*, 204 W. Va. 527, 553, 514 S.E.2d 397, 403 (1999)] (quoting *Gentry v. Mangum,* 195 W.Va. 512, 520 n. 6, 466 S.E.2d 171, 179 n. 6 (1995)).

*Shafer v. Kings Tire Service, Inc.*, 215 W. Va. 169, 177, 597 S.E.2d 302, 310 (2004). Because both the family court and circuit court enforced the divorce decree, which was the written agreement entered by the family court, and the family court advised the parties that any other alleged agreements would need to be handled in a separate non-family court proceeding, under the facts of this case, we cannot find that the circuit court abused its discretion by affirming the family court's order based on its enforcement of the divorce decree without addressing other contractual agreements and principles.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 4, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison