# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**Emma S.,**
**Petitioner Below, Petitioner**

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-127** (Cir. Ct. Cabell Cnty. No. 20-D-291)

**Joe W.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Emma S.[1] appeals the Circuit Court of Cabell County's August 9, 2022, "Order Denying Appeal and Affirming Family Court Order." Emma S. asserts that the circuit court abused its discretion in affirming the family court's finding that the deed signed by Respondent Joe W. was a sham deed prepared at her request in contemplation of divorce. Joe W. responded in support of the circuit court's order. Emma S. did not file a reply.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in Cabell County on September 7, 2018. Joe W. purchased the real estate across from his family home prior to the marriage of the parties. Shortly before filing for divorce, Emma S. asked Joe W. to deed said property into her name for the purported purpose of bundling insurance. The deed also included the parties' minor child as a grantee. On May 12, 2020, Joe W. signed a deed, prepared by Emma S., which transferred the property to her name. Joe W. testified that he never intended to give Emma S. the residence. The deed was never recorded.

---

[1] To protect the confidentiality of the parties involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Emma S. is represented by Mark E. Hobbs, Esq. Joe W. is represented by Amy M. Herrenkohl, Esq.

1

The underlying action began when Emma S. filed a petition for divorce with the Family Court of Cabell County, alleging irreconcilable differences. The parties appeared before the family court for hearings on the petition for divorce on January 14, 2021, April 20, 2021, and September 21, 2021. Emma S. testified that she prepared the deed at Joe W.'s insistence. Joe. W. testified that his sole intent in signing the deed was to insure the property in case something happened to it, not to gift the property to Emma S. On May 17, 2022, the family court entered a "Corrected Final Divorce Decree," which divided the parties' property. Regarding the property at issue in this case, the family court found that there was no evidence that Joe W. intended to gift the property to his wife or surrender property rights. The family court held that the deed was a sham deed and represented an attempt by Emma S. to take advantage of Joe W. in contemplation of divorce, as she filed for divorce approximately one month after the deed was signed. Further, the family court found that the home was the separate property of Joe W. and ordered that the deed transferring the property to Emma S. be set aside as null and void.

Emma S. appealed the family court's ruling to circuit court. By order entered on August 9, 2022, the circuit court affirmed the findings of the family court and concluded that the deed was invalid, and that the home was the separate property of Joe W. It is from this order that Emma S. now appeals. Our standard of review is as follows:

> "In reviewing a final order entered by a circuit court judge upon review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va.__ S.E.2d __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Emma S. raises a single assignment of error, arguing that the family court abused its discretion in finding that the deed was nothing more than a sham attempt to take advantage of Joe W. in contemplation of divorce, and the circuit court erred in affirming these findings. Emma S. asserts that the deed was signed before a notary public, and that the property was also conveyed to the parties' child. Further, she argues that Joe W. stated that the transfer was a good investment for their son, indicating that the transfer was voluntary. Emma S. cites West Virginia Code § 39-1-2 (1933)[3] and argues that the

---

[3] West Virginia Code § 39-1-2 provides that:

> [t]he clerk of any county in which any deed, contract, power of attorney, or other writing is to be, or may be, recorded, shall admit the same

2

deed is valid because it contains the signature of the grantor, a valid description, and an acknowledgement by a notary public of Joe W.'s signature.

With regard to conveyances between spouses, West Virginia Code § 48-29-201 (2001) states:

> [t]he burden of proof in any proceeding questioning the validity or lawfulness of any conveyance or transfer of property or any interest in property from one spouse to the other spouse by the spouse making the conveyance or transfer. . . is on the spouse in whose favor the conveyance or transfer was made.

Further, West Virginia Code § 48-29-202 (2001) provides that in the case of an action "wherein the court is required to determine what property of the parties constitutes marital property and equitably divide the same, the presumption created by this section does not apply, and a gift between spouses must be affirmatively proved."

The family court found that Joe W. did not intend to transfer ownership of the property when he signed the deed. It is generally recognized that to have a valid *inter vivos* gift, three requirements must be met "(1) there must be an intention on the part of the donor to make a gift; (2) there must be a delivery or transfer of the subject matter of the gift, and (3) there must be acceptance of the gift by the donee." *Brewer v. Brewer,* 175 W. Va. 750, 751-52, 338 S.E.2d 229, 230, 231 (1985) (per curiam).  The Supreme Court of Appeals of West Virginia has stated that "[t]o constitute a valid gift inter vivos, the donor must intend at the time to part with his title to the property and his power over it and to bestow upon the donee a complete and irrevocable title thereto." *Id.* at 752, 338 S.E.2d at 231 (1985) (citation omitted). Further, Emma S. represented that the purpose of the transfer was to bundle insurance, but such insurance was never obtained.

West Virginia Code § 48-1-237 (2001) defines separate property in part as, "[p]roperty acquired by a person before marriage."  There is not dispute that Joe W. purchased the subject property several years before the parties were married, which qualifies the home as separate property. The record indicates that Emma S. approached Joe W. about the deed transferring the property to her only one month prior to filing for divorce, and that she represented that the deed was solely for the purpose of bundling insurance. Such evidence is clearly inconsistent with an intent by Joe W. to gift her the property. Further, the circuit court weighed evidence about the intent of the parties and the

---

to record in his office, as to any person whose name is signed thereto, when it shall have been acknowledged by him, or proved by two witnesses as to him. . . ."

surrounding circumstances before affirming the family court's finding that the deed was invalid.

For these reasons, we find that the circuit court did not abuse its discretion in affirming the findings of the family court that the deed was a sham prepared in anticipation of divorce. Accordingly, we affirm the Circuit Court of Cabell County's August 9, 2022, order.

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen